**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

MIDDLE DISTRICT OF GEORGIA

Case number *(if known)* _____   Chapter   **11**

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).
For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **Oconee Regional Health Systems, Inc.** |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | **58-2359394** |

4.  Debtor's address

**Principal place of business**

**821 North Cobb Street**
**Milledgeville, GA 31061**
Number, Street, City, State & ZIP Code

**Baldwin**
County

**Mailing address, if different from principal place of business**

P.O. Box, Number, Street, City, State & ZIP Code

**Location of principal assets, if different from principal place of business**

Number, Street, City, State & ZIP Code

5.  Debtor's website (URL)     **www.oconeeregional.com**

6.  Type of debtor

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor   **Oconee Regional Health Systems, Inc.**                                    Case number (*if known*) _____
      Name

---

**7. Describe debtor's business**   A. *Check one:*

    ■ Health Care Business (as defined in 11 U.S.C. § 101(27A))

    ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

    ☐ Railroad (as defined in 11 U.S.C. § 101(44))

    ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

    ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

    ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

    ☐ None of the above

    B. *Check all that apply*

    ■ Tax-exempt entity (as described in 26 U.S.C. §501)

    ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

    ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

    C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
       See http://www.uscourts.gov/four-digit-national-association-naics-codes.
       __5511__

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**   *Check one:*

    ☐ Chapter 7

    ☐ Chapter 9

    ■ Chapter 11. *Check all that apply:*

        ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

        ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

        ☐ A plan is being filed with this petition.

        ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

        ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

        ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

    ☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

    ■ No.

    ☐ Yes.

    District _____ When _____ Case number _____

    District _____ When _____ Case number _____

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

    ☐ No

    ■ Yes.

    Debtor   **See Attachment**                    Relationship _____

    District _____ When _____ Case number, if known _____

---

Debtor    __Oconee Regional Health Systems, Inc.__                                        Case number (*if known*) _____
              Name

---

**11. Why is the case filed in this district?**    *Check all that apply:*

■    Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐    A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes.    Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                              Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency _____
            Contact name _____
            Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**    *Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**15. Estimated Assets**

| | | |
|---|---|---|
| ■ $0 - $50,000 | ☐ $1,000,000 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ■ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

| Debtor | Oconee Regional Health Systems, Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   05/10/2017
              MM / DD / YYYY

X _____          Steven M. Johnson
Signature of authorized representative of debtor          Printed name

Title   **Interim Chief Executive Officer**

---

**18. Signature of attorney**

X _____          Date   05/10/2017
Signature of attorney for debtor          MM / DD / YYYY

**Mark I. Duedall**
Printed name

**Bryan Cave LLP**
Firm name

**One Atlantic Center - 14th Floor**
**1201 W. Peachtree Street, NW**
**Atlanta, GA 30309-3471**
Number, Street, City, State & ZIP Code

Contact phone   **404-572-6600**          Email address   **mark.duedall@bryancave.com**

**231770**
Bar number and State

Debtor   **Oconee Regional Health Systems, Inc.** _____   Case number (*if known*) _____
     Name

| Fill in this information to identify your case: |
|---|

United States Bankruptcy Court for the:

MIDDLE DISTRICT OF GEORGIA _____

Case number (*if known*) _____     Chapter   **11**

☐ Check if this an
   amended filing

## FORM 201. VOLUNTARY PETITION

### Pending Bankruptcy Cases Attachment

| | | | | | |
|---|---|---|---|---|---|
| Debtor | Oconee Internal Medicine, LLC | | Relationship to you | | Affiliate |
| District | Middle District of Georgia | When | Case number, if known | | |
| Debtor | Oconee Orthopedics, LLC | | Relationship to you | | Affiliate |
| District | Middle District of Georgia | When | Case number, if known | | |
| Debtor | Oconee Regional Emergency Medical Services, Inc. | | Relationship to you | | Affiliate |
| District | Middle District of Georgia | When | Case number, if known | | |
| Debtor | Oconee Regional Health Services, Inc. | | Relationship to you | | Subsidiary |
| District | Middle District of Georgia | When | Case number, if known | | |
| Debtor | Oconee Regional Health Ventures, Inc., dba Oconee Neurology Services | | Relationship to you | | Subsidiary |
| District | Middle District of Georgia | When | Case number, if known | | |
| Debtor | Oconee Regional Medical Center, Inc. | | Relationship to you | | Subsidiary |
| District | Middle District of Georgia | When | Case number, if known | | |
| Debtor | Oconee Regional Senior Living, Inc. | | Relationship to you | | Subsidiary |
| District | Middle District of Georgia | When | Case number, if known | | |
| Debtor | ORHV Sandersville Family Practice, LLC | | Relationship to you | | Affiliate |
| District | Middle District of Georgia | When | Case number, if known | | |

## OCONEE REGIONAL HEALTH SYSTEMS, INC.

RESOLVED, that OCONEE REGIONAL HEALTH SYSTEMS, INC., a Georgia nonprofit corporation (the "Corporation"), operates, through its subsidiaries and affiliates, including, without limitation, Oconee Regional Medical Center, Inc., a Georgia nonprofit corporation ("ORMC"), Jasper Health Services, Inc., a Georgia nonprofit corporation ("Jasper"), Oconee Regional Health Services, Inc., a Georgia nonprofit corporation ("Services"), Oconee Regional Emergency Medical Services, Inc., a Georgia nonprofit corporation ("OREMS"), Oconee Regional Health Ventures, Inc., a Georgia for-profit corporation ("Ventures"), Oconee Regional Senior Living, Inc., a Georgia nonprofit corporation ("Senior Living"), Oconee Internal Medicine, LLC, a Georgia limited liability company ("OIM"), Oconee Orthopedics, LLC, a Georgia limited liability company ("Orthopedics"), and ORHV Sandersville Family Practice, LLC, a Georgia limited liability company ("Sandersville" and together with the Corporation, ORMC, Services, OREMS, Ventures, Senior Living, OIM and Orthopedics, collectively, the "Oconee Affiliates"), a healthcare delivery system providing acute care and other healthcare services to patients in central Georgia (the "System"), which includes the operation of Oconee Regional Medical Center, a 140-bed acute care community hospital, with a 15-bed skilled nursing unit, located at 821 N. Cobb Street, Milledgeville, Georgia 31061 ("Oconee Regional"), which provides a wide range of inpatient and acute care services.

RESOLVED, FURTHER, that rural hospitals in Georgia are closing and suffering financial losses at historical rates due to various factors beyond their control, including, without limitation, payor reimbursement changes, declining patient volumes, increasing numbers of uninsured patients, payment cuts by government programs, and aging populations.

RESOLVED, FURTHER, that during the great recession, the Corporation also began to experience a series of management and financial challenges, leading to the present circumstances facing the Oconee Affiliates.

RESOLVED, FURTHER, that, in an effort to address the weakening financial condition of the Oconee Affiliates, the Oconee Affiliates undertook extensive and tireless efforts to contain costs and resolve their financial issues, including, without limitation, attempting to obtain financing through various sources and engaging established hospital management companies and consultants to assist ORMC and the other Oconee Affiliates in connection with the management and operation of Oconee Regional, however all such efforts were ultimately unsuccessful due to circumstances beyond ORMC's or the other Oconee Affiliates' control.

RESOLVED, FURTHER, that, following the termination and resignation of many of the then-current officers of ORMC, ORMC hired interim management in 2015 in order to assist and advise ORMC in connection with the business and operations of Oconee Regional, and to improve the financial condition of ORMC and the other Oconee Affiliates.

RESOLVED, FURTHER, that, based on the difficult financial circumstances facing the Corporation, on October 26, 2015 and November 23, 2015 (respectively), the Corporation engaged Houlihan Lokey Capital, Inc. ("Houlihan Lokey") and Grant Thornton LLP ("Grant Thornton" and together with Houlihan Lokey, the "Financial Experts") to assist management in

analyzing the available choices and the best course of action to ensure healthcare services remain available to the community.

RESOLVED, FURTHER, that the members of the Board of Directors (the "Board") of the Corporation, with the assistance of the Financial Experts, thoroughly researched, reviewed and considered all options available to the Corporation, including, without limitation, locating new capital or new financing, consummating various transactions (including a sale, partnership, affiliation or management agreement involving all or any combination of the Oconee Affiliates' operating assets), closing departments, discontinuing certain medical and healthcare-related services and programs, reducing the medical staff and workforce of the Oconee Affiliates, and effecting a stand-alone restructuring (with or without new capital).

RESOLVED, FURTHER, that the Board, in investigating the issues and making the decisions contemplated hereunder, made a conscious and diligent effort to exercise sound, reasonable and good faith judgment based upon all facts, circumstances and information available to the Board and which it believed to be in the best interests of the Corporation, without regard to any individual or personal bias, opinion or self-interest.

RESOLVED, FURTHER, that, based upon extensive discussions with potential buyers and strategic partners, the Financial Experts determined a sale of the System to be the only viable option, given the current debt obligations of the Corporation and the lack of available cost-cutting opportunities.

RESOLVED, FURTHER, that the Financial Experts identified and recommended Prime Healthcare Foundation, Inc., a Delaware nonprofit corporation ("Prime"), as the best choice to purchase the System (the "Sale").

RESOLVED, FURTHER, that Prime is a financially stable network with a successful track record for improving the operations and financial performance of hospitals across the United States.

RESOLVED, FURTHER, that, despite the repeated efforts and attempts of the Corporation and other Oconee Affiliates to involve Jasper in the Sale, Jasper's personnel has decided to operate independent of the Corporation and not be a party to the Sale.

RESOLVED, FURTHER, that, following extensive negotiations and discussions with Prime, counsel and the Financial Experts, the Corporation proposes to sell and assign to Prime or its assigns or affiliates, substantially all the assets and certain specified liabilities of the System, as set forth in that certain Asset Purchase Agreement, effective May 10, 2017, by and among Prime, the Oconee Affiliates, the Baldwin County Hospital Authority, an authority organized under the Georgia Hospital Authorities Law (the "Baldwin Authority"), and certain other parties thereto, in substantially the form attached hereto at Exhibit A (the "Purchase Agreement").

RESOLVED, FURTHER, that, based on the present circumstances facing the Corporation, the current financial condition of the Corporation, and the data and information

received by the Board from the Financial Experts and the Corporation's advisers, in the informed and good faith judgment of the Board, it is desirable and in the best interests of the Corporation, its creditors, employees, the residents of Baldwin County, Georgia, and other interested parties, and supportive of the Corporation's mission to serve the health care needs and interests of the general public, that the Purchase Agreement be entered into and the transactions contemplated therein be consummated, subject to the Corporation receiving higher or better offers through a court-supervised auction process pursuant to Section 363 of the Bankruptcy Code (as defined below).

RESOLVED, FURTHER, that, subject to the Corporation receiving higher or better offers through a court-supervised auction process pursuant to Section 363 of the Bankruptcy Code, the Board unanimously authorizes, ratifies, consents to, approves and adopts the terms and provisions of the Purchase Agreement.

RESOLVED, FURTHER, that the Chairman of the Board, Theodore Zarkowsky, Vice-Chairman of the Board, Alice Loper, interim Chief Executive Officer, Steven M. Johnson, and interim Chief Financial Officer, Michael Vaughn (each, together with any other person so designated by the Board, an "Authorized Officer" and, collectively, the "Authorized Officers"), or their designees, be, and each of them hereby is, authorized and empowered, on behalf of the Corporation, to execute and deliver the Purchase Agreement, as well as any documents, certificates or instruments contemplated therein or relating thereto, including, but not limited to, the Bill(s) of Sale, Assignment and Assumption Agreement(s), Deed(s), Assignment and Assumption of Lease(s), Seller Closing Certificate(s), FIRPTA Certificate(s) and/or other documents required pursuant to, or related to, the Purchase Agreement (collectively, the "Ancillary Documents"), which he or she, in his or her discretion, may deem necessary or appropriate to consummate the transactions contemplated therein, and to cause the Corporation to perform its obligations thereunder, with such changes, additions or deletions as any Authorized Officer executing the same may deem necessary or appropriate.

RESOLVED, FURTHER, that each of the Authorized Officers, or their designees, be, and each of them hereby is, authorized and empowered, on behalf of the Corporation, to take any and all actions which he or she, in his or her discretion, may deem necessary or appropriate to effect the terms and provisions of the Purchase Agreement, the terms and provisions of the Ancillary Documents, and the resolutions contained or contemplated hereunder.

RESOLVED, FURTHER, that the Board diligently pursued potential sources of capital for the Oconee Affiliates and other means to avoid an insolvency transaction, but have determined that no such capital or other alternatives are forthcoming, whether on acceptable terms or conditions or not.

RESOLVED, FURTHER, that, based on the present circumstances facing the Corporation, the current financial condition of the Corporation, and the data and information received by the Board from the Financial Experts and the Corporation's advisers, in the informed and good faith judgment of the Board, it is desirable and in the best interests of the Corporation, its creditors, employees, the residents of Baldwin County, Georgia, and other interested parties, and supportive of the Corporation's mission to serve the health care needs and interests of the

general public, that a petition (the "Petition") be filed by the Corporation seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

RESOLVED, FURTHER, that the Authorized Officers, or their designees, are, and each of them is, hereby authorized and empowered on behalf of, and in the name of, the Corporation to execute and verify or certify the Petition under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Middle District of Georgia (the "Bankruptcy Court"), at such time and in such form as said Authorized Officer may determine, such approval to be conclusively evidenced by the execution of the Petition.

RESOLVED, FURTHER, that in connection with the bankruptcy case and Chapter 11 filing, (i) the Board unanimously authorizes and approves the execution, delivery and performance of a debtor-in-possession financing agreement, in the form of an Indenture (the "Indenture") between US Bank National Association and certain other parties thereto, as well as various ancillary and related documents, substantially on the terms described to the Board and with such changes thereto as the Authorized Officer executing the same shall approve, and any other agreements, consents, certificates, amendments, assignments and instruments in connection therewith (collectively with the Indenture, the "Financing Documents"); and (ii) the Authorized Officers, or their designees, are, and each of them is, hereby authorized and empowered, in the name and on behalf of the Corporation, to negotiate, execute, deliver and perform, or cause the performance of, the Financing Documents, as such Authorized Officer executing the same considers necessary, appropriate, proper or desirable to effectuate the transactions contemplated by the purchase documents and other arrangements necessary, appropriate, proper or desirable in the interest of the Corporation in connection with the bankruptcy case or Chapter 11 filing, such determination to be conclusively evidenced by the taking of such action.

RESOLVED, FURTHER, that each of the Authorized Officers, or their designees, is hereby authorized to designate one or more additional persons to serve as an officer of the Corporation, and to designate a replacement for any of the Authorized Officers in the event they should resign or cease to serve as an officer of the Corporation for any reason, and any such person so designated by such Authorized Officer shall be deemed to be an "Authorized Officer" within the meaning contemplated hereunder for all purposes.

RESOLVED, FURTHER, that the law firm of Bryan Cave LLP, with an office currently located at 1201 W. Peachtree St. N.W., 14th Floor, Atlanta, Georgia 30309, be, and it hereby is, employed as general bankruptcy and restructuring counsel for the Corporation under a general retainer in connection with the prosecution of the Corporation's case under Chapter 11 of the Bankruptcy Code, and to pay to Bryan Cave LLP reasonable compensation for services rendered in connection with such engagement.

RESOLVED, FURTHER, that the law firm of James-Bates-Brannan-Groover-LLP, with an office currently located at 3399 Peachtree Rd. N.E., 17th Floor, Atlanta, Georgia 30326, which has acted as the Corporation's outside general counsel, and in that capacity has provided legal advice and representation to the Corporation in a number of areas, including, without limitation, healthcare, governmental compliance, labor and employment, corporate and tax law,

be, and it hereby is, retained as special counsel for the Corporation in connection with the Chapter 11 case and any other matters deemed necessary by the Authorized Officers of the Corporation, and to pay to James-Bates-Brannan-Groover-LLP reasonable compensation for services rendered in connection with such engagement.

RESOLVED, FURTHER, that Houlihan Lokey be, and it hereby is, retained as investment banker for the Corporation in connection with the Chapter 11 case and the transactions contemplated thereby.

RESOLVED, FURTHER, that Grant Thornton be, and it hereby is, retained as financial advisor for the Corporation in connection with the Chapter 11 case and the transactions contemplated thereby.

RESOLVED, FURTHER, that the Corporation's subsidiary, Oconee Regional Healthcare Foundation, Inc., a Georgia nonprofit corporation, is a party to the Indenture and related Financing Documents, but is not otherwise a party to or involved in the Sale, Purchase Agreement, Petition or Chapter 11 case.

RESOLVED, FURTHER, that the Corporation's affiliate, Oconee Sleep and Wellness Center, LLC, a Georgia limited liability company, is not a party to or otherwise involved in the Sale, Purchase Agreement, Petition, Chapter 11 case, Indenture or Financing Documents.

RESOLVED, FURTHER, that each of the Authorized Officers, or their designees, be, and each of them hereby is, authorized and empowered to execute and file any and all petitions, schedules, motions, lists, applications, pleadings, papers and other documents, and to take any and all such other and further actions which the Authorized Officers or the Corporation's legal counsel may deem necessary or appropriate in connection with the Chapter 11 case or the sale of certain or all of the assets or the Corporation pursuant to Sections 105, 363 and 365 of the Bankruptcy Code, including, without limitation, motions to obtain authority to use cash collateral or incur debt in possession financing; the assumption or rejection of executory contracts and unexpired leases; proposing one or more Chapter 11 plans; the sale or other disposition of all or a portion of the Corporation's assets, including with respect to the Sale; entering into new contracts, leases or other agreements; the prosecution of claims held by the Corporation and the defense of claims asserted against the Corporation, including the continuation of any litigation pending at the time of the Chapter 11 filing, and related appeals; the negotiation and consummation of settlements and compromises; and the performance of any and all further acts or deeds which the Authorized Officers, or their designees, deem necessary, proper, desirable or appropriate to effect the resolutions contained hereunder.

RESOLVED, FURTHER, that each of the Authorized Officers, or their designees, be, and each of them hereby is, authorized to cause the Corporation, and the Corporation is hereby authorized, to incur post-petition secured and super-priority indebtedness in an amount determined to be necessary or advisable by either such Authorized Officers, and each such Authorized Officer or designee is hereby authorized to negotiate, execute and deliver definitive loan documentation evidencing such indebtedness (the "Post-Petition Credit Agreement"), and the Corporation is authorized to perform all of the obligations and agreements of the "Borrower"

thereunder (including the repayment of any amount owning thereunder) and to consummate the transactions contemplated thereby, and each such Authorized Officer or designee is hereby authorized to negotiate, make, sign, execute, acknowledge, deliver and perform any and all such other instruments and agreements which they deem necessary, proper, desirable or appropriate in connection therewith, including, without limitation, a security agreement and pledge agreement, in such forms and with such changes, modifications or additions thereto as the executing Authorized Officer or designee shall approve in his or her sole discretion, such approval to be conclusively evidenced by the execution of the Post-Petition Credit Agreement and such other instruments and agreements.

RESOLVED, FURTHER, that each Authorized Officer, or their designee, be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, to engage and retain all assistance by claims and noticing agents, balloting agents, auctioneers, accountants, financial advisors, and other professionals in connection with the Chapter 11 case, subject to any requisite court approval, with a view to the successful prosecution of such case or to effect the purposes and intent of the resolutions contained hereunder.

RESOLVED, FURTHER, that the Corporation be, and hereby is, authorized to pay all fees and expenses incurred by it or for its account in connection with the transactions approved in any or all of the resolutions contained hereunder, and all transactions related thereto, and each Authorized Officer, or their designee, be, and each of them hereby is, authorized, empowered and directed to make said payments as such Authorized Officer or designee may deem necessary, proper, desirable or appropriate, such payment to constitute conclusive evidence of such Authorized Officer's or designee's determination and approval of the necessity, appropriateness, desirability or advisability thereof.

RESOLVED, FURTHER, that the Corporation, acting by and through the Authorized Officers, be, and hereby is, authorized to execute resolutions and take such other actions as are necessary to evidence the consent and authorization of the Corporation to (i) the filing of a voluntary Chapter 11 petition by any corporation, limited liability company, partnership or other entity which is owned or controlled, directly or indirectly, by the Corporation, including, without limitation, any Oconee Affiliate; and (ii) the authorization of the officers or other designated persons of such corporation, limited liability company, partnership or other entity, or such Oconee Affiliate, to take such actions in connection with their Chapter 11 filings as are necessary and consistent with these resolutions.

RESOLVED, FURTHER, that, as the sole member of Senior Living, the Corporation hereby removes each current member of the board of directors of Senior Living (the "Senior Living Board"), and the following individuals are hereby appointed to the Senior Living Board (and shall have all rights and authority incidental to such position as outlined in the Bylaws or Articles of Incorporation of Senior Living): Steven M. Johnson (Chairman); Cay Quattlebaum (Vice-Chairman); and Carrie Jarrett.

RESOLVED, FURTHER, that, as the sole member of Senior Living, the Corporation hereby approves of the adoption by Senior Living of the Amended and Restated Bylaws in substantially the form attached hereto at Exhibit B.

RESOLVED, FURTHER, that the Authorized Officers, or their designees, be, and each of them hereby is, in all respects, authorized, empowered and directed, in the name and on behalf of the Corporation, to take or cause to be taken all such further actions and to make, perform, sign, execute, acknowledge, certify, deliver, accept, record and file any and all agreements and documents listed herein and all such further certificates, affidavits, orders, statements, requests, instruments and documents as such Authorized Officer or designee deems necessary, desirable or advisable to fully carry out the intent of the resolutions contained hereunder, such determination to be conclusively evidenced by the taking of such action or the execution and delivery of any such further document, and to perform fully the terms and provisions thereof.

RESOLVED, FURTHER, that any person dealing with any Authorized Officer in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such Authorized Officer and by his or her execution of any document or agreement, the same shall be a valid and binding obligation of the Corporation enforceable in accordance with its terms.

RESOLVED, FURTHER, that any and all acts of the Authorized Officers, directors or officers of the Corporation and of any person or persons designated and authorized to act by any Authorized Officer, director or officer of the Corporation, which acts would have been authorized by the foregoing resolutions except that such acts were taken prior to the adoption of such resolutions, be and each such act hereby is ratified, confirmed and approved in all respects.

RESOLVED, FURTHER, that that the Corporation shall indemnify, defend and hold harmless, to the fullest extent permitted by the Bylaws or Articles of Incorporation of the Corporation (as amended) or the laws of the State of Georgia, each of the Authorized Officers, directors or officers of the Corporation with respect to any legal, equitable or administrative claim of any kind whatsoever against such Authorized Officer, director or officer in connection with, arising from or related to any actions taken by such Authorized Officer, director or officer in connection with the foregoing resolutions.

RESOLVED, FURTHER, that the Board, in adopting the resolutions contemplated hereunder, expressly waives any and all requirements or conditions provided for by, or contemplated in, the Bylaws of the Corporation, the Articles of Incorporation of the Corporation, the laws of the State of Georgia, or otherwise.

RESOLVED, FURTHER, that capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Purchase Agreement, except as otherwise indicated.

# EXHIBIT A

## ASSET PURCHASE AGREEMENT

*[Attached]*

A copy of the Asset Purchase Agreement can be found at <u>Exhibit B</u> to the Motion for Orders Approving (I)(A) Bid Procedures, (B) Procedures and Notice Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Licenses and Leases, (C) Breakup Fee and Expense Reimbursement, and (D) the Debtors' Assumption of the Consulting Agreement with Prime Healthcare Management, Inc.; and (II)(A) Asset Purchase Agreement, (B) the Sale of Substantially all of the Debtors' Assets Outside the Ordinary Course of Business, Free and Clear of all Liens, Claims, Encumbrances, and Interests, (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Licenses and Leases, and (D) Waiver of the 14-Day Stay of Fed. R. Bankr. P. 6004(h) and 6006(d) in the Oconee Regional Health Systems, Inc.'s bankruptcy case.

## EXHIBIT B

**AMENDED AND RESTATED BYLAWS OF SENIOR LIVING**

*[Attached]*

Available upon request from Mark I. Duedall or Leah Fiorenza McNeill at Bryan Cave
LLP.

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name | Oconee Regional Health Systems, Inc. |
| United States Bankruptcy Court for the: | MIDDLE DISTRICT OF GEORGIA |
| Case number (if known): | |

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Alice Loper 251 East Riverbend Drive Milledgeville, GA 31061 | | Potential Rights of Indemnity | Contingent Unliquidated | | | $0.00 |
| Deborah Block 821 North Cobb Street Milledgeville, GA 31061 | | Potential Rights of Indemnity | Contingent Unliquidated | | | $0.00 |
| Marshall Ivey, M.D. 248 Ivey Drive Milledgeville, GA 31061 | | Potential Rights of Indemnity | Contingent Unliquidated | | | $0.00 |
| Michael A. Vaughn 821 North Cobb Street Milledgeville, GA 31061 | | Potential Rights of Indemnity | Contingent Unliquidated | | | $0.00 |
| Michael Anderson 105 Partridge Road Milledgeville, GA 31061 | | Potential Rights of Indemnity | Contingent Unliquidated | | | $0.00 |
| Micheal Duke, M.D. 247 West Lakeview Drive Milledgeville, GA 31061 | | Potential Rights of Indemnity | Contingent Unliquidated | | | $0.00 |
| Monica Ingram c/o The Law Offices of Anthony Hall, LLC G. Anthony Hall, Esq. 3355 Lenox Road, Suite 750 Atlanta, GA 30326 | G. Anthony Hall, Esq. ahall@thelawoffice ofanthonyhall.com 404.252.3208 | Alleged claims under ADA and FMLA | Contingent Unliquidated Disputed | | | $51,599.50 |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Debtor    Oconee Regional Health Systems, Inc.
_____
Name

Case number (if known) _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Navicent Health, Inc. Attn: Kenneth B. Banks 691 Cherry Street Suite 700 Macon, GA 31201 | | Subordinate Secured Promissory Note and Settlement Agreement | | | | $161,111.36 |
| Navicent Health, Inc. Attn: Kenneth B. Banks 691 Cherry Street Suite 700 Macon, GA 31201 | | Subordinate Secured Promissory Note and Settlement Agreement | | | | $106,839.04 |
| Phyllis M. Parks-Veal, M.D. 151 Arbor Way Milledgeville, GA 31061 | | Potential Rights of Indemnity | Contingent Unliquidated | | | $0.00 |
| Prabhdeep Brar, M.D. 157 Northwoods' Drive, NW Milledgeville, GA 31061 | | Potential Rights of Indemnity | Contingent Unliquidated | | | $0.00 |
| Steven M. Johnson 821 North Cobb Street Milledgeville, GA 31061 | | Potential Rights of Indemnity | Contingent Unliquidated | | | $0.00 |
| Ted Zarkowsky 108 NE Lakeview Circle Milledgeville, GA 31061 | | Potential Rights of Indemnity | Contingent Unliquidated | | | $0.00 |
| Tyrone Evans Post Office Box 279 Hardwick, GA 31034 | | Potential Rights of Indemnity | Contingent Unliquidated | | | $0.00 |
| Vanessa Walker 821 North Cobb Street Milledgeville, GA 31061 | | Potential Rights of Indemnity | Contingent Unliquidated | | | $0.00 |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

# United States Bankruptcy Court
## Middle District of Georgia

In re   Oconee Regional Health Systems, Inc.              Case No. _____

                      Debtor(s)          Chapter    11

# VERIFICATION OF CREDITOR MATRIX

I, the Interim Chief Executive Officer of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:   05/10/2017                                   

                               Steven M. Johnson/Interim Chief Executive Officer
                               Signer/Title

AHS Management Company, Inc.
1 Burton Hills Boulevard
Suite 250
Nashville, TN 37215

Alecto Healthcare Services LLC
16310 Bake Parkway
Suite 200
Irvine, CA 92618

Alice Loper
251 East Riverbend Drive
Milledgeville, GA 31061

Alliant Insurance Services, Inc.
5444 Westheimer
Suite 900
Houston, TX 77056

Assistant U.S. Trustee
Middle District of Georgia
440 Martin Luther King, Jr. Boulevard
Suite 302
Macon, GA 31201

Baldwin County Hospital Authority
c/o George Carpenter, Esq.
148 West Hancock Street
Milledgeville, GA 31061

Beacon Health Management, LLC
15310 Amberly Drive
Tampa, FL 33647

Central Georgia Health System, Inc.
691 Cherry Street
Macon, GA 31201

Community Hospital Corporation
7800 Dallas Parkway
Suite 200
Plano, TX 75024

Cornerstone Medical Staffing, LLC
530 A West Thomas Street
Milledgeville, GA 31061

Deborah Block
821 North Cobb Street
Milledgeville, GA 31061

Diversicare Healthcare Services, Inc.
1621 Galleria Boulevard
Brentwood, TN 37027

ER Hospitals
765 East 9000 South
Suite A-1A
Sandy, UT 84094

Esplanade Capital, LLC
1 International Place
Suite 1400
Boston, MA 02110

Gayco Healthcare
507 Industrial Boulevard
Dublin, GA 31021

George Carpenter
148 West Hancock Street
Milledgeville, GA 31061

Georgia Dept. of Community Health
Attn: Tony McNeil, David Riddle
2 Peachtree Street
Atlanta, GA 30303-4507

Georgia Health Care Insurance Company SP
62 Forum Lane, 3rd Floor
Post Office Box 30600, SMB
Grand Cayman KY1-1203
Cayman Is. BWI

Grant Thornton LLP
171 N Clark Street
Suite 200
Chicago, IL 60601

HCA Management Services, L.P.
11315 Corp Boulevard
Suite 310
Orlando, FL 32817

Health Risk Partners
6802 Paragon Place
Suite 500
Richmond, VA 23230

HealthTrust Purchasing Group, L.P.
1100 Charlotte Avenue
Suite 1100
Nashville, TN 37203

Ian Hammel
Mintz Levin Cohn Ferris Glovsky Popeo
One Financial Center
Boston, MA 02111

IKON Financial Services
1738 Bass Road
Macon, GA 31210

Intelligent Medical Objects, Inc.
PO Box 3575
Carol Stream, IL 60132-3575

Internal Revenue Service
Centralized Insolvency Operations
Post Office Box 7346
Philadelphia, PA 19101-7346

IPFS Corporation
1122 Lady Street
Suite 940
Columbia, SC 29201

Ironshore Specialty Insurance Company
75 Federal Street
5th Floor
Boston, MA 02110

LifePoint Acquisition Corp.
103 Powell Street
Suite 200
Brentwood, TN 37027

MagMutual Insurance Company
35365 Piedmont Road, NE
Suite 1000
Atlanta, GA 30355-0979

Marshall Ivey, M.D.
248 Ivey Drive
Milledgeville, GA 31061

Med One Capital Funding, LLC
10712 South 1300 East
Sandy, UT 84094

Michael A. Vaughn
821 North Cobb Street
Milledgeville, GA 31061

Michael Anderson
105 Partridge Road
Milledgeville, GA 31061

Micheal Duke, M.D.
247 West Lakeview Drive
Milledgeville, GA 31061

Mintz Levin Cohn Ferris Glovsky Popeo
One Financial Center
Boston, MA 02111

Monica Ingram
c/o The Law Offices of Anthony Hall, LLC
G. Anthony Hall, Esq.
3355 Lenox Road, Suite 750
Atlanta, GA 30326

National HealthCare Corporation
100 E Vine Street
Murfreesboro, TN 37130

National Union Fire Insurance
Company of Pittsburgh
175 Water Street
New York, NY 10038

Nautilus Insurance Company
c/o Berkley Select, LLC
Suite 700
250 South Wacker Drive
Chicago, IL 60606

Navex Global, Inc. f/k/a Global
Compliance Services, Inc.
Suite 200
6000 Meadows Road
Lake Oswego, OR 97035

Navicent Health, Inc.
Attn: Kenneth B. Banks
691 Cherry Street
Suite 700
Macon, GA 31201

Office of Chief Counsel
Pension Benefit Guaranty Corporation
1200 K Street, NW
Washington, DC 20005-4026

Paladin Healthcare Capital, LLC
2121 Rosecrans Avenue
Suite 4325
El Segundo, CA 90245

Phyllis M. Parks-Veal, M.D.
151 Arbor Way
Milledgeville, GA 31061

Prabhdeep Brar, M.D.
157 Northwoods' Drive, NW
Milledgeville, GA 31061

Prime Alliance Bank
1868 South 500 West
Woods Cross, UT 84087

Prime Healthcare Services
3300 E Guasto Road
Ontario, CA 91761

ProHealth Group, Inc.
717 37th Street
South Birmingham, AL 35222

Quorum Health Corporation
1573 Mallory Lane
Suite 100
Brentwood, TN 37027

Quorum Purchasing Advantage, LLC
1573 Mallory Lane
Suite 200
Brentwood, TN 37027

Ricoh USA, Inc.
Ricoh Americas Corporation
70 Valley Stream Parkway
Malvern, PA 19355

Santa Rosa Consulting, Inc.
Suite 250
2555 Meridian Boulevard
Franklin, TN 37067

Santa Rosa Consulting, Inc.
41000 Woodward Avenue
Stoneridge West
Bloomfield Hills, MI 48304

Southern HealthCare Management LLC
5887 Glenridge Drive
Suite 150
Atlanta, GA 30328

Steven M. Johnson
821 North Cobb Street
Milledgeville, GA 31061

Strategic Global Management, Inc.
6800 Indiana Avenue
Suite 130
Riverside, CA 92506

Stratus Video, LLC
600 Cleveland Street
Suite 1000
Clearwater, FL 33755

Ted Zarkowsky
108 NE Lakeview Circle
Milledgeville, GA 31061

TotalMed IT
10 East College Avenue
Suite 300
Appleton, WI 54911

Trillium Healthcare Consulting LLC
5115 E State Road 64
Bradenton, FL 34208

Tyrone Evans
Post Office Box 279
Hardwick, GA 31034

U.S. Bank National Association
214 North Tryon Street
27th Floor
Charlotte, NC 28202-1078

U.S. Securities & Exchange Commission
Office of Reorganization
950 East Paces Ferry Road, NE
Suite 900
Atlanta, GA 30326-1382

UHS of Delaware, Inc.
367 South Gulph Road
PO Box 61558
King of Prussia, PA 19406

United States Attorney
Post Office Box 1702
Macon, GA 31202-1702

Vanessa Walker
821 North Cobb Street
Milledgeville, GA 31061

Verge Technologies, Inc.
3141 Stevens Creek Boulevard
Suite 245
San Jose, CA 95117

Versaworks, Inc.
2560 Mission College Boulevard
Suite 140
Santa Clara, CA 95054

# United States Bankruptcy Court
## Middle District of Georgia

In re   Oconee Regional Health Systems, Inc.                                    Case No. _____
                                    Debtor(s)                                   Chapter   11   _____

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
| --- | --- | --- | --- |
| -NONE- | | | |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Interim Chief Executive Officer of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date   05/10/2017                              Signature   _Steven M. Johnson_

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| OCONEE REGIONAL HEALTH SYSTEMS, INC., | ) | |
| | ) | Case No. |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## CORPORATE OWNERSHIP STATEMENT

**COMES NOW** Oconee Regional Health Systems, Inc. (the **"Debtor"**) and pursuant to

Fed. R. Bankr. P. 1007(a)(1) and 7007.1 and lists below all entities that directly or indirectly own

10% or more of any class of the corporation's equity interest:

**OWNER**                                    **PERCENTAGE OF SHARES**

There are no corporations that directly or indirectly own 10% or more of any class of the
Debtor's equity interest.

The Debtor declares under penalty of perjury that this Corporate Ownership Statement is

true and correct.

Dated 05/10/2017

                                        **OCONEE REGIONAL HEALTH SYSTEMS, INC.**

                                        Steven M. Johnson
                                        Interim Chief Executive Officer
                                        821 North Cobb Street
                                        Milledgeville, Georgia, 31061
                                        Telephone:(478) 454-3500
                                        Facsimile: (478) 454-3555
                                        Email:    sjohnson@ormcinc.org

6677068