**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

------------------------------------------------------------X
                :

| | |
|---|---|
| **In re:** | **Chapter 11** |
| | |
| **OCONEE REGIONAL HEALTH SYSTEMS, INC., *et al.*,**[1] | **Case No. 17-51005-AEC** |
| **Debtors.** | **(Jointly Administered)** |

------------------------------------------------------------X

## JOINT PLAN OF LIQUIDATION

| | |
|---|---|
| ADAMS AND REESE LLP | GREENBERG TRAURIG, LLP |
| John Thomson | John D. Elrod |
| 3423 Peachtree Road NE, Suite 450 | 3333 Piedmont Road NE, Suite 2500 |
| Atlanta, Georgia 30326 | Atlanta, Georgia 30305 |
| Tel.: 470-427-3700 | Tel.: 678-553-2259 |
| Fax.: 404-500-5975 | Fax.: 678-553-2269 |

MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
Ian A. Hammel
Eric Blythe
One Financial Center
Boston, Massachusetts 02111
Tel.: 617-542-6000
Fax.: 617-542-2241

*Counsel to the Official Committee of*
*Unsecured Creditors*

*Counsel to U.S. Bank National Association,*
*as bond trustee and master trustee*

Dated:  January 30, 2018

---

[1]      The Debtors include the following parties (the last four digits of the employer identification number for each of the Debtors as reported by the Debtors follow in parenthesis): (i) Oconee Regional Health Systems, Inc. (9394), (ii) Oconee Regional Medical Center, Inc. (9398), (iii) Oconee Regional Health Services, Inc. (9397), (iv) Oconee Regional Emergency Medical Services, Inc. (3857), (v) Oconee Regional Health Ventures, Inc. (sometimes d/b/a Oconee Neurology Services)(8516), (vi) Oconee Internal Medicine, LLC (1712), (vii) Oconee Orthopedics, LLC (3694), (viii) ORHV Sandersville Family Practice, LLC (1236), and (ix) Oconee Regional Senior Living, Inc. (5613).

Table of Contents

Page

SECTION 1.    DEFINITIONS AND INTERPRETATION ...................................................1

SECTION 2.    TREATMENT OF ADMINISTRATIVE CLAIMS, PRIORITY TAX
CLAIMS, AND U.S. TRUSTEE FEES ....................................................1

2.1    Administrative Claims ...............................................................................1

2.2    Fee Claims .................................................................................................2

2.3    Priority Tax Claims ...................................................................................2

2.4    U.S. Trustee Fees .......................................................................................2

SECTION 3.    CLASSIFICATION AND TREATMENT OF CLAIMS AND
INTERESTS ...........................................................................................3

3.1    Classification and Specification of Treatment of Claims ...........................3

3.2    Classes of Claims ......................................................................................3

3.2.1    Class 1 – Bond Claims .................................................................3

3.2.2    Class 2 – Other Secured Claims ...................................................3

3.2.3    Class 3 – Unsecured Priority Claims ............................................3

3.2.4    Class 4 – General Unsecured Claims ............................................4

3.2.5    Class 5 – Subordinated Claims .....................................................4

3.2.6    Class 6 – Interests .........................................................................4

SECTION 4.    ACCEPTANCE OR REJECTION OF THE PLAN .........................................4

4.1    Impaired Classes Vote ...............................................................................4

4.2    Presumed Acceptance of this Plan .............................................................4

4.3    Presumed Rejection of this Plan ................................................................4

4.4    Voting Classes ...........................................................................................4

4.5    Nonconsensual Confirmation.....................................................................4

SECTION 5.    MEANS FOR IMPLEMENTATION OF PLAN ...........................................5

5.1    The Challenge Rights Settlement...............................................................5

5.2    Funding for this Plan .................................................................................5

5.3    Formation of Trusts....................................................................................5

5.4    Appointment of Liquidating Trustee; Deemed Resignation of Directors and
Officers ......................................................................................................6

5.5    Vesting of Assets .......................................................................................6

5.6    Technical Amendments to the Settlement Agreement.................................6

5.7    Corporate Action........................................................................................7

i

Table of Contents (continued)

Page

5.8     Continuing Existence ..................................................................7

5.9     Substantive Consolidation of Debtors for Plan Purposes ..................7

5.10    Causes of Action .......................................................................7

5.11    Agreements, Instruments, and Documents .....................................8

5.12    Bar Date for Fee Claims .............................................................8

5.13    Bar Date for Other Administrative Claims .....................................8

5.14    Post Effective Date Committee....................................................8

5.15    Closing of the Debtors' Chapter 11 Cases .....................................8

5.16    Corporate Dissolution ...............................................................8

5.17    Effective Date Events ................................................................9

SECTION 6.     PROVISIONS REGARDING LIQUIDATING TRUSTEE.............9

6.1     General Powers and Duties of the Liquidating Trustee ....................9

6.2     Consultation and Consent Rights ...............................................10

6.3     Compensation of Liquidating Trustee and its Professionals.............10

6.4     No Agency Relationship ...........................................................11

6.5     Reporting...............................................................................11

6.6     Resignation, Death or Removal of Liquidating Trustee ..................11

SECTION 7.     EXECUTORY CONTRACTS.................................................11

7.1     Rejection of Contracts ..............................................................11

7.2     Insurance Contracts..................................................................12

7.3     Compensation and Benefit Programs...........................................12

7.4     Reservation of Rights as to Executory Contracts ..........................12

SECTION 8.     DISTRIBUTION PROVISIONS ..............................................12

8.1     No Distributions on Account of Claims That Have Not Become Allowed
        Claims...................................................................................12

8.2     Reserves for Claims That Have Not Been Allowed ........................12

8.3     Distribution of Plan Consideration .............................................13

8.4     Unclaimed Cash ......................................................................13

8.5     Unnegotiated Distribution Checks...............................................13

8.6     Fractional Dollars....................................................................13

8.7     Distribution Dates ...................................................................13

Table of Contents (continued)

Page

8.8     Bankruptcy Code Sections 509 and 510 ...................................................................14

8.9     Distributions to be Applied First to Administrative and Priority Claims ...................14

8.10    Estimation of Claims.................................................................................................14

8.11    Chapter 5 Provisions ................................................................................................14

8.12    Third-Party Agreements............................................................................................14

8.13    Special Provisions for Treatment of Medical Malpractice/Personal
        Injury/Worker's Compensation Claims ....................................................................14

8.14    Objections to Claims.................................................................................................16

8.15    Settlement of Disputed Claims .................................................................................16

8.16    Setoffs ......................................................................................................................16

8.17    Distribution Cap .......................................................................................................17

8.18    De Minimus Distributions .........................................................................................17

8.19    Withholding Taxes ...................................................................................................17

8.20    Distribution Record Date ..........................................................................................17

SECTION 9.        CONDITIONS PRECEDENT ..........................................................................17

9.1     Conditions to Confirmation ......................................................................................17

9.2     Conditions to Effective Date.....................................................................................18

9.3     Nonfulfillment of Conditions ...................................................................................18

SECTION 10.       EFFECTS OF PLAN CONFIRMATION............................................................18

10.1    Satisfaction of Claims ..............................................................................................18

10.2    Interest on Claims, Fees, Costs, Charges ..................................................................18

10.3    Exculpation ..............................................................................................................18

10.4    Challenge Rights Settlement Release ........................................................................18

10.5    Injunction .................................................................................................................19

10.6    Post-Effective Date Effect of Evidences of Claims...................................................19

10.7    Surrender of Instruments and Release of Liens .........................................................19

10.8    Cancellation of Instruments .....................................................................................19

10.9    Term of Stays ...........................................................................................................20

10.10   No Discharge ............................................................................................................20

10.11   Retention of Jurisdiction ..........................................................................................20

10.12   Failure of the Court to Exercise Jurisdiction ............................................................21

Table of Contents (continued)

Page

SECTION 11.    MISCELLANEOUS PROVISIONS ................................................................21

11.1    Exemption from Transfer Taxes ...........................................................................21

11.2    Modification of Plan .............................................................................................21

11.3    Revocation of this Plan .........................................................................................21

11.4    Preservation and Application of Insurance ..........................................................22

11.5    Votes Solicited in Good Faith ..............................................................................22

11.6    Successors and Assigns, Binding Effect ..............................................................22

11.7    Computation of Time ............................................................................................22

11.8    Notices ..................................................................................................................22

11.9    Severability ...........................................................................................................22

11.10    Validity and Enforceability ................................................................................23

11.11    Plan Supplement .................................................................................................23

11.12    Controlling Documents .......................................................................................23

11.13    Reservation of Rights .........................................................................................23

11.14    Substantial Consummation ................................................................................23

11.15    Governing Law ...................................................................................................23

iv

The Official Committee of Unsecured Creditors appointed in the above-captioned proceedings (the "***Committee***"), and U.S. Bank National Association, as bond trustee and master trustee for the Revenue Bonds described more fully below (the "***Bond Trustee***" and collectively with the Committee, the "***Plan Proponents***") propose the following joint plan of reorganization for the resolution of outstanding Claims against the Debtors pursuant to chapter 11 of title 11 of the United States Code.  The Committee and Bond Trustee are the proponents of this Plan within the meaning of Bankruptcy Code Section 1129.

All holders of Claims against the Debtors are encouraged to read this Plan, the Disclosure Statement and other Plan Documents in their entirety as soon as possible.  The Plan Documents, once Filed, shall be available for review in the office of the clerk of the Bankruptcy Court. Holders of Claims may also obtain a copy of the Plan Documents by contacting counsel for the Plan Proponents by a written request sent to the above address.  Each of the Plan Documents is an integral part of this Plan and is hereby incorporated by reference and made a part of this Plan.

## SECTION 1.    DEFINITIONS AND INTERPRETATION

### A.    Definitions.

Capitalized terms used in this Plan and not otherwise defined in this Plan or in the Bankruptcy Code have the meanings specified in the attached **Exhibit 1**.

### B.    Rules of Construction.

Unless otherwise specified, all Section or Exhibit references in this Plan are to the respective section in, or exhibit to, this Plan, as the same may be amended, waived, or modified from time to time.  The words "herein," "hereof," "hereto," "hereunder," and other words of similar import refer to this Plan as a whole and not to any particular section, subsection, or clause contained therein.  The rules of construction contained in Bankruptcy Code Section 102 shall apply to this Plan.  The headings in this Plan are for convenience of reference only and shall not limit or otherwise affect the provisions hereof.  Unless otherwise provided, (i) any reference in this Plan to an existing document, Exhibit or Schedule means such document, Exhibit or Schedule as it may have been amended, restated, revised, supplemented or otherwise modified, and (ii) any reference in this Plan to a document being in a particular form or on particular terms means that such document will be substantially in such form or on such terms.  If a time or date is specified for any payments or other distribution under this Plan, it shall mean on or as soon as reasonably practicable thereafter.  Each term includes the singular and plural form of the term regardless of how the term is stated and each stated pronoun is gender neutral.

## SECTION 2.    TREATMENT OF ADMINISTRATIVE CLAIMS, FEE CLAIMS, PRIORITY TAX CLAIMS, AND U.S. TRUSTEE FEES

2.1    ***Administrative Claims***.  In accordance with Bankruptcy Code Section 1123(a)(1), Administrative Claims have not been classified and are treated as described in this **Section 2**. Except as otherwise provided in this Plan, each Person holding an Allowed Administrative Claim shall receive Cash equal to the unpaid portion of such Allowed Administrative Claim as soon as practicable after the later of:  (a) the Effective Date; (b) the date on which such Person becomes the holder of such an Allowed Administrative Claim; or (c) the date or dates when that Claim is

payable by its terms, consistent with past practice.  Allowed Administrative Claims shall be paid from: (i) Existing Debtor-Held Funds to the extent accrued prior to October 1, 2017; (ii) Asset Pool Components available under the Settlement Agreement for payment of Allowed Claims of a type described in Bankruptcy Code Section 503(b)(9) to the extent Allowed and entitled to such treatment under Bankruptcy Code Section 503(b)(9); and (iii) other Asset Pool Components available for payment of Administrative Claims under the Settlement Agreement to the extent accrued on or after October 1, 2017.

2.2    *Fee Claims*.  In accordance with Bankruptcy Code Section 1123(a)(1), Fee Claims have not been classified and are treated as described in this **Section 2**.  Except as otherwise provided in this Plan, each Person holding an Allowed Fee Claim shall receive Cash equal to the unpaid portion of such Allowed Fee Claim, as soon as practicable after the later of: (a) the Effective Date; or (b) the date on which such Person becomes the holder of such an Allowed Fee Claim.  Allowed Fees Claims shall be paid from: (i) Existing Debtor-Held Funds to the extent consistent with the Budget; (ii) the Wind-Down; (iii) the Excess Fee Reserve to the extent a Fee Claim is Allowed but payment thereof is not consistent with the Budget and cannot otherwise be satisfied from the Wind-Down; or (iv) as otherwise expressly provided in this Plan or the Settlement Agreement.

2.3    *Priority Tax Claims*.  In accordance with Bankruptcy Code Section 1123(a)(1), Priority Tax Claims have not been classified and are treated as described in this **Section 2**.  Each Person holding an Allowed Priority Tax Claim shall receive, as determined by the Liquidating Trustee in his sole discretion:  (a) payment in Cash in full on the later of the Effective Date or the date such Claim becomes an Allowed Claim; or (b) Cash over a period not exceeding five (5) years after date of assessment of such Claim, with interest at a rate consistent with Bankruptcy Code Section 511, in periodic payments, having the value of such Claim as of the Effective Date.  No Claim for or demand for any penalty relating to any Priority Tax Claim other than a penalty of the type specified in Bankruptcy Code Section 507(a)(8)(G) shall be Allowed and the holder of an Allowed Priority Tax Claim shall not assess or attempt to collect such penalty from the Estates or any of the Assets.  Allowed Priority Tax Claims shall be paid from Asset Pool Components available for payment of Priority Tax Claims under the Settlement Agreement.

2.4    *U.S. Trustee Fees*.  U.S. Trustee Fees include fees and charges assessed against the Debtors under Chapter 1930 of title 28, United States Code.  All U.S. Trustee Fees will be paid in full by the Debtors or Liquidating Trustee, as the case may be, as they become due and shall continue to be paid until the earlier of the time (i) a final decree is entered closing the Chapter 11 Cases, a Final Order converting the Chapter 11 Cases to a  case under chapter 7 of the Bankruptcy Code or a Final Order dismissing the  Chapter 11 Cases is entered; and (ii) the Liquidating Trustee has met all of the U.S. Trustee's Operating Guidelines and Reporting Requirements for debtors in possession and trustees (unless the Bankruptcy Court orders otherwise).  U.S. Trustee Fees shall be paid from: (i) Existing Debtor-Held Funds to the extent accrued prior to October 1, 2017; and (ii) other Asset Pool Components available for payment of U.S. Trustee Fees under the Settlement Agreement to the extent accrued on or after October 1, 2017.

## SECTION 3.    CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

3.1    ***Classification and Specification of Treatment of Claims***.  All Claims, except those described in **Section 2**, are placed in the Classes of Claims described in this **Section 3**, pursuant to Bankruptcy Code Section 1123(a)(1). This **Section 3** also specifies the treatment of such Classes of Claims and their impaired or unimpaired status, pursuant to Bankruptcy Code Sections 1123(a)(2) and 1123(a)(3).  A Claim is classified in a particular Class only to the extent that the Claim qualifies within the description of the Class and is classified in a different Class to the extent that the Claim qualifies within the description of that different Class.  A Claim is in a particular Class only to the extent that the Claim is an Allowed Claim in that Class and has not been paid, released, withdrawn, waived, or otherwise satisfied under this Plan.  Unless this Plan expressly provides otherwise, when a Class includes a subclass, each subclass is a separate Class for all purposes under the Bankruptcy Code, including voting and distribution.

This Plan will not provide any distributions on account of a Claim to the extent that such Claim has been disallowed, released, withdrawn, waived, or otherwise satisfied or paid as of the Effective Date, including, payments by third parties.  Except as specifically provided in this Plan, this Plan will not provide any distributions on account of a Claim, the payment of which has been assumed by a third party.  Except as otherwise specifically provided in this Plan or by further order of the Court, all treatment, allowances, or payments of Claims which have been specified or otherwise fixed or required by order of the Court shall not be impaired by this Plan and the rights of the holders of such Claims as provided in such orders shall not be altered by this Plan.  For the avoidance of doubt, any holder of a Claim or Interest may agree to less favorable treatment of such Claim or Interest than is set forth in this Plan.

3.2    ***Classes of Claims***.

3.2.1    Class 1 – Bond Claims.  This Class consists of the Bond Claims, which shall be Allowed on the Effective Date as specified in the Settlement Agreement and not subject to reduction, disallowance, avoidance, setoff, recoupment or subordination.  Except as otherwise expressly provided in this Plan, on and after the Effective Date, the Bond Trustee shall receive distributions at the times and in the manner specified in the Settlement Agreement for application pursuant to the Bond Documents.

3.2.2    Class 2 – Other Secured Claims.  This Class consists of all Allowed Secured Claims other than Bond Claims.  Each Allowed Claim in this Class shall be in a separate subclass.  Each holder of an Allowed Claim in this Class shall receive, at the election of the Liquidating Trustee: (a) the net proceeds, if any, of the sale or other disposition of the Assets in which such other Secured Claim has a lien, after payment in full of the Bond Claims on or as soon as reasonably practicable after the later of (i) the Effective Date and (ii) the date such Claim becomes Allowed; or (b) if still in the Debtors' possession or control, the return of the property subject to the senior, perfected, non-avoidable, and indefeasible lien or security interest securing such holder's Allowed Secured Claim.  Any Cash payments on account of Allowed Class 2 Claims shall be paid from the Asset Pool in a manner consistent with the Settlement Agreement. Any Claim that would be a Class 2 Claim but for the lack of collateral or otherwise resulting from the aforesaid treatment shall be treated as a Class 4 Claim.

3.2.3   <u>Class 3 – Unsecured Priority Claims</u>.   This Class consists of all Allowed Unsecured Priority Claims.  Each holder of an Allowed Unsecured Priority Claim shall receive Cash equal to the unpaid portion of such Allowed Unsecured Priority Claim as soon as practicable after the later of:  (a) the Effective Date; or (b) the date on which such Person becomes the holder of such an Allowed Unsecured Priority Claim.  Payments on account of Allowed Class 3 Claims shall be paid from the Asset Pool available for payment of Unsecured Priority Claims under the Settlement Agreement.

3.2.4   <u>Class 4 – General Unsecured Claims</u>.   This Class consists of all Allowed Unsecured Claims.  Except as otherwise provided in the Settlement Agreement with respect to any Deficiency Claim, each holder of an Allowed Unsecured Claim shall be entitled to receive such holder's *pro rata* share of Cash available from the liquidation or disposition of the Asset Pool after payment of or reserve for Allowed Claims described in **<u>Sections 2, 3.2.2 and 3.2.3</u>** of this Plan in a manner consistent with the Settlement Agreement on the later of:  (a) the date or dates determined by the Liquidating Trustee, to the extent there is Cash available for distribution in the judgment of the Liquidating Trustee, having due regard for the anticipated and actual expenses, and the likelihood and timing, of the process of liquidating or disposing of the Assets; and (b) the date on which such Claim becomes Allowed.

3.2.5   <u>Class 5 – Subordinated Claims</u>.  This Class consists of all Allowed Subordinated Claims.  Each holder of an Allowed Subordinated Claim shall receive no distribution on account of such Claim.

3.2.6   <u>Class 6 – Interests</u>.  Each holder of an Interest will not receive any distribution on account of such Interest.  Each holder of an Interest shall not receive or retain an Interest or other property or interests of the Debtors on account of such Interest.

**SECTION 4.   ACCEPTANCE OR REJECTION OF THE PLAN**

4.1   ***Impaired Classes Vote.***  In accordance with Bankruptcy Code Section 1126(c) and except as provided in Bankruptcy Code Section 1126(e), an Impaired Class of Claims shall have accepted this Plan if this Plan is accepted by the holders of at least two-thirds (⅔) in dollar amount and more than one-half (½) in number of the Allowed Claims of such Class that have timely and properly voted to accept or reject this Plan.

4.2   ***Presumed Acceptance of this Plan***.  Classes 2 and 3 are Unimpaired under this Plan and are, therefore, conclusively presumed to have accepted this Plan pursuant to Bankruptcy Code Section 1126(f).

4.3   ***Presumed Rejection of this Plan***.  Classes 5 and 6 are not entitled to receive or retain any property under this Plan and are, therefore, conclusively presumed to have rejected this Plan pursuant to Bankruptcy Code Section 1126(g).

4.4   ***Voting Classes***.  Classes 1 and 4 are Impaired, and the holders of Claims in those Classes are entitled to vote on this Plan.

4.5   ***Nonconsensual Confirmation***.   The Plan Proponents request entry of a Confirmation Order under Bankruptcy Code Section 1129(a).  With respect to any Impaired

Class, including any Class of Claims or Interests created pursuant to amendments or modifications to this Plan, that does not accept this Plan, the Plan Proponents request that the Bankruptcy Court confirm this Plan by Cramdown with respect to any such non-accepting Class or Classes at the Confirmation Hearing, and the filing of this Plan shall constitute a motion for such relief.

## SECTION 5.   MEANS FOR IMPLEMENTATION OF PLAN

5.1   ***The Challenge Rights Settlement***.   The Challenge Rights Settlement and the Settlement Agreement are integral parts of this Plan and are hereby incorporated by reference as if fully set for herein.   The Plan shall constitute a motion to approve the Challenge Rights Settlement and the Settlement Agreement.   Subject to the occurrence of the Effective Date, entry of the Confirmation Order shall constitute approval of the Challenge Rights Settlement and Settlement Agreement pursuant to Bankruptcy Rule 9019 and a finding by the Bankruptcy Court that the Challenge Rights Settlement and Settlement Agreement is in the best interest of the Debtors and their Estates and in the best interests of the owners of the Revenue Bonds.

5.2   ***Funding for this Plan***.   This Plan will be primarily funded by a combination of the Assets that are Cash and proceeds from the sale or other disposition of the non-cash Assets in a manner consistent with the Challenge Rights Settlement.   Certain funding may also be provided from other Trust Assets and as specified in and **Section 5.6** of this Plan.

5.3   ***Formation of Trusts***.   On the Effective Date, (i) the Trusts, on the terms of the Trust Agreements, shall be formed, (ii) the Liquidating Trustee shall execute the Trust Agreements, (iii) the Trust Agreements shall be effective, (iv) the Liquidating Trustee shall be authorized to implement the Trusts, (v) the Assets shall be transferred to the Liquidation Trust, and (vi) the Contributed Non-Estate Causes of Action shall be contributed to the Private Action Trust.   The Trust Agreements shall contain provisions customary in comparable circumstances. The Trusts shall be established for the sole purpose of liquidating and distributing Trust Assets in accordance with Treasury Regulations section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business.   Consistent with requirements imposed by the IRS, all parties shall treat the Trusts as liquidating trusts for all federal income tax purposes.   Neither the Liquidation Trust nor the Private Action Trust shall be deemed to be the same legal entity as any of the Debtors.

There shall be a total of one million (1,000,000) units of Liquidation Trust Beneficial Interests allocated to all holders of Allowed Claims, in a manner that permits them to receive the treatment specified by the Plan.   There shall be a total of one million (1,000,000) units of Private Action Trust Beneficial Interests.   The Liquidation Trust shall receive 25% or 250,000 units of Private Action Trust Beneficial Interests and the remaining Private Action Trust Beneficial Interests will be allocated to Electing Creditors, in return for their Contributed Non-Estate Causes of Action, ratably based upon the amount of the Allowed Claims held by each Electing Creditor in relation to the aggregate total of the Allowed Claims of all Electing Creditors.   Beneficial interests in the Trusts shall be non-transferrable except by will or under the laws of descent and distribution.

If there is a recovery on account of a Cause of Action that is asserted by both the

Liquidation Trust and the Private Action Trust, and the recovery is not allocated by a Final Order, the recovery shall be allocated 2/3 to the Liquidation Trust and 1/3 to the Private Action Trust.

   Each Trust shall terminate after its liquidation, administration and distribution of applicable Trust Assets in accordance with the Plan and its full performance of all other duties and functions set forth herein or in the Trust Agreements, *provided* each Trust shall terminate no later than the fifth (5th) anniversary of the Effective Date unless the Liquidating Trustee, for good cause, seeks an extension of one or both of the Trusts.

   5.4 ***Appointment of Liquidating Trustee; Deemed Resignation of Directors and Officers***.  The Confirmation Order shall provide for the appointment of the Liquidating Trustee. The Plan Proponents shall identify the Liquidating Trustee and his compensation terms as part of the Plan Supplement.  The Liquidating Trustee shall be a third-party non-affiliate of the Debtors with experience liquidating healthcare chapter 11 cases.   The Liquidating Trustee shall be deemed the Estates' representative in accordance with Bankruptcy Code Section 1123 and shall have all powers, authority and responsibilities specified in this Plan and the Trust Agreements, including the powers of a trustee under Bankruptcy Code Sections 108, 704, and 1106 and Rule 2004 of the Bankruptcy Rules (including commencing, prosecuting or settling Causes of Action, enforcing contracts, and asserting claims, defenses, offsets and privileges), to the extent not inconsistent with the status of the Trusts as "liquidating trusts" for federal income tax purposes within the meaning of Treasury Regulation 301. 7701-4(d).  As set forth more fully in this Plan, the Liquidating Trustee shall be responsible for the liquidation of the remaining Assets for the benefit of Creditors in accordance with Bankruptcy Code Section 1123(a)(5) and 1129(a)(16), administration of this Plan and the wind-down of the Debtors and their Estates post-Effective Date.  On the Effective Date, each member of the Debtors' Boards of Directors and their officers shall be deemed to have resigned, each board member and officer shall have no ongoing decision-making role with respect to the Debtors, and the wind down of the Debtors shall become the general responsibility of the Liquidating Trustee.

   5.5 ***Vesting of Assets***.  As of the Effective Date, and except as otherwise provided in this Plan, pursuant to the provisions of Bankruptcy Code Section 1141(b) and (c), all Assets shall vest in the Liquidation Trust free and clear of all Claims, liens, encumbrances, charges, membership interests and other interests, subject to the terms and conditions of this Plan, the Settlement Agreement and the Confirmation Order, including the powers to the Liquidating Trustee.  Pursuant to Bankruptcy Code Section 1123(a)(5) and subject to the terms of this Plan, the Liquidating Trustee shall sell or otherwise dispose of, and liquidate, or otherwise convert, to Cash, any non-Cash Assets.

   5.6 ***Technical Amendments to the Settlement Agreement.***  As of the Effective Date, notwithstanding any other provision of this Plan or the Settlement Agreement the Excess Fee Reserve shall be established.  As of the Effective Date, notwithstanding any other provision of this Plan or the Settlement Agreement the Budget, as it relates to Fee Claims of the Committee's professionals, shall be deemed amended to include the following:  (i) the aggregate amount of $220,000, plus (ii) the amount of reasonable fees and expenses of the Committee's professionals incurred between December 1, 2017 and the Effective Date as Allowed by Final Order.  The amounts set forth in this **Section 5.6** shall be funded from Existing Debtor-Held Funds.

5.7     ***Corporate Action***.  All matters provided under this Plan involving the corporate structure of the Debtors or corporate action to be taken by or required of the Debtors, shall be deemed to have occurred and be effective as provided herein, and shall be authorized and approved in all respects without any requirement or further action by directors or officers of the Debtors.

5.8     ***Continuing Existence***.  From and after the Effective Date, the Debtors shall continue in existence for the purposes of (i) winding up their affairs as expeditiously as reasonably possible, (ii) liquidating, by conversion to Cash, or other methods, all remaining Assets, as expeditiously as reasonably possible, (iii) enforcing and prosecuting claims, interests, rights and privileges of the Estates, including, the prosecution of Causes of Action, (iv) resolving disputed Claims, (v) administering this Plan, (vi) filing all final cost reports reflecting the Debtors' former operation of the Facility and (vii) filing appropriate tax returns.  Following the Effective Date, the Debtors shall not engage in any business activities or take any actions, except those necessary to consummate this Plan and wind up the affairs of the Debtors.

5.9     ***Substantive Consolidation of Debtors for Plan Purposes***.  The Plan shall constitute a motion, pursuant to Bankruptcy Code Section 105(a), to substantively consolidate the Debtors for Plan purposes.  Subject to the occurrence of the Effective Date and effective on the Effective Date, the Debtors shall be substantively consolidated for all of those purposes and actions associated with confirmation and consummation of this Plan.  On and after the Effective Date, (a) all assets and liabilities of each of the Debtors shall be treated as though they were merged into a single Estate solely for purposes of this Plan, (b) for all purposes associated with this Plan, the Estates of each of the Debtors shall be deemed to be one consolidated Estate, (c) each and every Claim filed, to be filed in the Chapter 11 Cases or otherwise asserted against any of the Debtors shall be deemed filed against the merged Estate and (d) the Debtors shall be treated as though they were merged into a single Estate for the purposes of calculating U.S. Trustee Fees.  In accordance with the foregoing, all Intercompany Claims shall be extinguished and shall not be entitled to any distributions under this Plan.  Further, (a) all guarantees by any Debtor of obligations of any other Debtor shall be deemed eliminated and extinguished, and (b) any Claims seeking recovery of the same debts asserted in the Chapter 11 Cases against multiple Debtors shall be treated as duplicative Claims and only a single Claim against the merged Estates shall be deemed to survive for purposes of this Plan, and in each case any Claim against any Debtor and any guarantee thereof executed by any other Debtor and any joint liability of any of the Debtors shall be deemed to be one obligation of the Debtors.  For the avoidance of doubt, the relief specified in this **Section 5.9** shall not prejudice or impair any claims or Causes of Action any Debtor or Estate may have against third parties, including Avoidance Actions, General Litigation Claims or Jasper Claims.

5.10    ***Causes of Action***.  Except as otherwise set forth in this Plan, all Causes of Action of the Debtors including Avoidance Actions, General Litigation Claims and Jasper Claims, shall survive confirmation of this Plan and the commencement and prosecution of such Causes of Action by the Liquidating Trustee or otherwise shall not be barred or limited by *res judicata* or any estoppel, whether judicial, equitable or otherwise.  The Liquidating Trustee shall have the authority and standing to commence and prosecute Causes of Action of the Debtors and Estates for the benefit of Creditors.  Nothing in this Plan shall be deemed a "voluntary assignment" of any Cause of Action by the Debtors.

7

5.11    ***Agreements, Instruments, and Documents***.    All organizational agreements, charter documents, instruments, and documents required under this Plan to be executed or implemented, together with such others as may be necessary, useful or appropriate in order to effectuate this Plan shall be executed on or before the Effective Date or as soon thereafter as is practicable.  Such documentation shall include any charter document revisions needed to comply with Bankruptcy Code Section 1129(a)(6).

5.12    ***Bar Date for Fee Claims***.    Each Person retained or requesting compensation in these Chapter 11 Cases, pursuant to Bankruptcy Code Sections 330, 331, and 503(b), must file with the Court an application for allowance of any Fee Claims no later than thirty (30) days after the Effective Date.  All Fee Claims for which an application is not timely filed shall be forever barred.  Objections to each such application may be filed in accordance with the Bankruptcy Rules.  The Court shall determine all such Fee Claims.

5.13    ***Bar Date for Other Administrative Claims***.    Except to the extent this Plan or the Court has fixed or does fix a different date, all requests for payment of Administrative Claims must be filed no later than thirty (30) days after the Effective Date.  All Administrative Claims for which a request for payment is not timely filed shall be forever barred.  Objections to each such claims may be filed in accordance with the Bankruptcy Rules.  The Court shall determine all such Administrative Claims.

5.14    ***Post Effective Date Committee***.    On the Effective Date, the Committee shall continue as the Post Effective Date Committee until all distributions on account of all Allowed Unsecured Claims have been completed, at which time the Post Effective Date Committee shall be dissolved.  The Post Effective Date Committee shall be comprised of the members of the Committee, unless any particular member thereof opts not to be a member thereof.  If a member of the Post Effective Date Committee resigns or is removed, a replacement who holds an Unsecured Claim against the Debtors may be appointed by the remaining members.  The Post Effective Date Committee's role shall be to consult with the Liquidating Trustee and to perform the functions set forth for the Post Effective Date Committee in this Plan.  The members of the Post Effective Date Committee shall serve without compensation.

5.15    ***Closing of the Debtors' Chapter 11 Cases***.    When all disputed Claims filed against the Debtors have become Allowed Claims or have been disallowed, and all Assets have been liquidated and converted into Cash (or abandoned), and such Cash has been distributed in accordance with this Plan, or at such earlier time as the Liquidating Trustee deems appropriate, the Liquidating Trustee shall request that the Court to enter a final decree and otherwise close the Chapter 11 Cases in accordance with the Bankruptcy Code and the Bankruptcy Rules.

5.16    ***Corporate Dissolution***.    Upon the distribution of all Assets pursuant to this Plan and the filing by the Liquidating Trustee of a certification to that effect with the Court (which may be included in the application for the entry of the final decree), the Debtors shall be deemed dissolved for all purposes without the necessity for any other or further actions to be taken by or on behalf of the Debtors or payments to be made in connection therewith, ***provided***, ***however***, that the Liquidating Trustee may take appropriate action to dissolve the Debtors under applicable law.  From and after the Effective Date, the Debtors shall not be required to file any document, or take any action, to withdraw their business operations from any states where the Debtors

8

previously conducted business.

5.17  *Effective Date Events*.  On the Effective Date, the following actions shall take place: (a) all payments to be made on the Effective Date and all other actions to be taken on or before the Effective Date pursuant to this Plan by the Debtors shall be made or taken or duly provided for; (b) any documents, including orders or agreements, necessary to implement this Plan as of the Effective Date must be executed; and (c) all other events and actions specified in this Plan to occur on the Effective Date shall be deemed to have accrued.  Within seven (7) days of the occurrence of the Effective Date, the Liquidating Trustee shall file a notice of occurrence of the Effective Date with the Bankruptcy Court.

## SECTION 6.   PROVISIONS REGARDING LIQUIDATING TRUSTEE

6.1  *General Powers and Duties of the Liquidating Trustee*.  The Liquidating Trustee will act for the Creditors in a fiduciary capacity as applicable to a board of directors and shall be responsible for the liquidation of the remaining Assets, administration of this Plan and wind-down of the Debtors and their Estates post-Effective Date, subject to the provisions of this Plan and the Settlement Agreement.  Except to the extent conditioned by this Plan, the powers and duties of the Liquidating Trustee shall include:

(a)  to invest Cash in accordance with Bankruptcy Code Section 345, and withdraw and make distributions of Cash to holders of Allowed Claims;

(b)  to receive, manage, invest, supervise, protect, liquidate or otherwise dispose of the Assets;

(c)  to propose a wind-down budget, and update the same from time to time;

(d)  to engage attorneys, consultants, agents, employees and all  professional persons to assist the Liquidating Trustee with respect to the Liquidating Trustee's responsibilities;

(e)  to pay all expenses in connection with administering this Plan and winding down the affairs of the Debtors in each case from the Asset Pool, subject to the terms of this Plan without further notice, hearing or approval of the Court.

(f)  to execute and deliver all documents, and take all actions, necessary to consummate this Plan and wind-down the Debtors' business, including, to effectuate the dissolution of the Debtors;

(g)  to coordinate the storage and maintenance of the Debtors' books and records;

(h)  to oversee compliance with the Debtors' accounting, finance and reporting obligations;

(i)  to oversee the filing of final tax returns, audits and other corporate dissolution documents if required;

(j)  to communicate regularly with and respond to inquiries from the Post Effective

9

Date Committee and Bond Trustee;

(k)     subject to **Sections 6.2** and **8.15** of this Plan, to object to Claims, compromise and settle Claims;

(l)     to act on behalf of the Debtors and the Estates in all litigation, adversary proceedings and contested matters (including, any Causes of Action), then pending or that can be commenced in the Court and in all actions and proceedings pending or commenced elsewhere, and to settle, retain, enforce, dispute or adjust any actions involving the Assets or Trust Assets that could arise or be asserted at any time under the Bankruptcy Code or otherwise, unless otherwise waived or relinquished in this Plan;

(m)     to implement and enforce all provisions of this Plan and the Settlement Agreement; and

(n)     to use such other powers as may be vested in or assumed by the Liquidating Trustee pursuant to this Plan or Court order or as may be necessary and proper to carry out the provisions of this Plan.

6.2     ***Consultation and Consent Rights.***  The Post Effective Date Committee and Bond Trustee shall have consultation and consent rights over (i) the wind-down budget and any modification thereof; (ii) the time, method and conduct by the Liquidating Trustee of any action to pursue the following claims or any settlement thereof: the Jasper Claims, General Litigation Claims and any Avoidance Actions where the amount in controversy exceeds $50,000; and (iii) the professionals retained by the Liquidating Trustee (for the avoidance of doubt, existing Committee professionals, including Greenberg Traurig, LLP, are acceptable for this purpose).

Except as otherwise provided in this Plan, the Liquidating Trustee may seek consent for any matter described in this **Section 6.2** by written notice to the Post Effective Date Committee and Bond Trustee.  Consent shall be presumed from any party that does not respond within five (5) Business Days.

In the event the Liquidating Trustee, the Post Effective Date Committee and Bond Trustee are unable to reach a consensus respecting any matters which require consent of the Post Effective Date Committee and Bond Trustee, the Liquidating Trustee, Post Effective Date Committee or Bond Trustee may bring such matter to the Court for resolution and the Liquidating Trustee shall be authorized to act in accordance with any ruling of the Court.

6.3     ***Compensation of Liquidating Trustee and its Professionals***.  The Liquidating Trustee and Persons employed by the Liquidating Trustee shall be compensated and reimbursed for their reasonable and necessary fees and out-of-pocket expenses on a regular basis from the Asset Pool. The Liquidating Trustee and Persons employed by the Liquidating Trustee shall periodically submit invoices to the Post Effective Date Committee and Bond Trustee.  For any invoice in an amount less than $5,000, the Liquidating Trustee may thereafter pay amounts reflected in any invoice as approved by the Liquidating Trustee without Court or other approval. For any invoice in the amount of $5,000 or more, the Liquidating Trustee shall defer payment on the invoice for ten (10) Business Days after service and if no objection is provided to the Liquidating Trustee within that time, the Liquidating Trustee may pay such invoice as approved

10

by the Liquidating Trustee without Court approval, ***provided*** if a timely objection is received the Liquidating Trustee may pay the undisputed portion, may pay the disputed portion of such invoice upon resolution, and any unresolved dispute shall be resolved by the Court.

6.4   ***No Agency Relationship***.   The Liquidating Trustee shall not be deemed to be the agent of any of the holders of Claims in connection with the funds held or distributed pursuant to this Plan.  The Liquidating Trustee shall not be liable for any mistake of fact or law or error in judgment or any act or omission of any kind unless it constitutes gross negligence or willful misconduct or breach of fiduciary duty on the part of the Liquidating Trustee.  The Liquidating Trustee shall be indemnified and held harmless, including the cost of defending such claims and attorneys' fees in seeking indemnification, by the Estates against any and all claims arising out of his duties under this Plan, except to the extent his actions constituted gross negligence or willful misconduct or breach of fiduciary duty.  The Liquidating Trustee may conclusively rely, and shall be fully protected personally in acting upon any statement, instrument, opinion, report, notice, request, consent, order, or other instrument or document which he believes to be genuine and to have been signed or presented by the proper party or parties.  The Liquidating Trustee may rely upon information previously generated by the Debtors and provided to him by former employees of the Debtors.

6.5   ***Reporting***.   Until a final decree closing the Chapter 11 Cases is entered, the Liquidating Trustee shall comply with any reporting requirements established pursuant to the guidelines of the U.S. Trustee or applicable law.  The Liquidating Trustee shall also provide the Post Effective Date Committee and Bond Trustee quarterly reports regarding the wind-down of the estate which shall include, without limitation, a balance sheet, statement of income and expenses, and update regarding liquidation and wind-down of the Assets.  The Liquidating Trustee shall be available on reasonable notice for telephone consultation with the Post Effective Date Committee and Bond Trustee and shall provide such other reports and information as the Post Effective Date Committee and Bond Trustee may reasonably request from time to time.

6.6   ***Resignation, Death or Removal of Liquidating Trustee***.   The Liquidating Trustee may resign at any time upon not less than thirty (30) days' written notice to the Post Effective Date Committee and Bond Trustee.  The Liquidating Trustee may be removed at any time by the Post Effective Date Committee and Bond Trustee for cause upon proper application to, and Final Order of, the Court.   In the event of the resignation, removal, death or incapacity of the Liquidating Trustee or any other vacancy in the position of Liquidating Trustee, the Post Effective Date Committee and Bond Trustee may jointly select a successor Liquidating Trustee. In the event the Liquidating Trustee, the Post Effective Date Committee and Bond Trustee are unable to reach a consensus regarding a successor Liquidating Trustee, the Liquidating Trustee, Post Effective Date Committee or Bond Trustee may bring such matter to the Court for resolution.  No successor Liquidating Trustee hereunder shall in any event have any liability or responsibility for the acts or omissions of his or her predecessors.

## SECTION 7.   EXECUTORY CONTRACTS

7.1   ***Rejection of Contracts.***   Except as otherwise set forth in this Plan or in the Plan Supplement, each executory contract and unexpired lease of the Debtors that has not previously been assumed or rejected shall be rejected as of the Effective Date.  Any Claim for damages

11

arising from rejection of any executory contract or unexpired lease under this Plan must be filed with the Court within the earlier of thirty (30) days after the Effective Date or such other deadline established by the Court.  Any Claim arising from the rejection of an executory contract or unexpired lease not filed within such time will be forever barred from receiving any distribution under this Plan or asserting any Claims against the Debtors, the Estates or the Liquidating Trustee.

7.2    *Insurance Contracts*.  To the extent any insurance policies issued to any Debtor, or insurance agreements to which any Debtor is a party entered into prior to the Petition Date constitute executory contracts, then, notwithstanding anything contained in this Plan, this Plan will constitute a motion to assume such insurance policies and agreements, and, subject to the occurrence of the Effective Date, the entry of the Confirmation Order will constitute approval of such assumption, pursuant to § 365(a) of the Bankruptcy Code.  Unless otherwise determined by the Bankruptcy Court pursuant to a Final Order or agreed to by the parties thereto prior to the Effective Date, no payments are required to cure any defaults of the Debtors existing as of the Effective Date with respect to each such insurance policy or agreement.

7.3    *Compensation and Benefit Programs*.  To the extent not previously terminated, all employment and severance agreements and policies and all employee compensation and benefit plans, policies and programs of the Debtors applicable generally to its employees and officers in effect on the Effective Date shall be terminated as of the Effective Date.

7.4    *Reservation of Rights as to Executory Contracts*. Nothing contained in this Plan or the Plan Supplement shall constitute an admission by the Plan Proponents or Debtors that any contract or lease is in fact an executory contract or unexpired lease or that the Debtors have liability thereunder. If there is a dispute whether a contract or lease is or was executory or unexpired at the time of assumption or rejection, the Liquidating Trustee shall have forty-five (45) days following entry of a Final Order resolving such dispute to alter the treatment of such contract or lease.

## SECTION 8.    DISTRIBUTION PROVISIONS

8.1    *No Distributions on Account of Claims That Have Not Become Allowed Claims*. Notwithstanding any other provision of this Plan, no payment or distribution shall be made with respect to any Claim that has not become an Allowed Claim.

8.2    *Reserves for Claims That Have Not Been Allowed*.  Distributions on account of Claims that have not become Allowed Claims shall be governed by the following provisions:

(a)    The Liquidating Trustee shall not be required to withhold funds or consideration, designate reserves, or make other provisions for the payment of any Claims that have been waived, withdrawn, or disallowed by a Final Order of the Court.

(b)    With respect to Claims that have not become Allowed Claims and that are not governed by subparagraph (a) above, the Liquidating Trustee shall reserve sufficient funds to allow for a distribution in accordance with the terms of this Plan, on account of the distribution attributable to such holders' Claims or as otherwise provided pursuant to any order of the Court with respect to the amount, if any, to be reserved.  At the request of the Liquidating Trustee or

12

any holder of a Claim, the Court may, after notice and a hearing, fix the amount of any Claim for purposes of establishing reserves. In the absence of an Order establishing a specific reserve amount, the Liquidating Trustee, may in his sole discretion comply with this **Section 8.2** by reserving $100 for each Claim not stating an amount. Further, with respect to Claims covered by insurance, the Liquidating Trustee may establish reserves based solely on any deductible, self-insured retention amount, or that part of a Claim not otherwise covered by insurance. Cash withheld pursuant to this subparagraph will be held in a segregated, interest-bearing fund or funds. Such Cash will be released when and if Claims are Allowed and disallowed and shall be applied in accordance with this Plan.

8.3    ***Distribution of Plan Consideration.*** The Trusts shall make distributions to holders of beneficial interests in accordance with this Plan. The Liquidating Trustee shall disburse all consideration to be distributed under this Plan and shall act as a disbursing agent. For the avoidance of doubt, all distributions under this Plan relating to the Revenue Bonds shall be made to the Bond Trustee.

8.4    ***Unclaimed Cash***. If any Person entitled to Cash under this Plan cannot be located on the date a distribution is to be made, such Cash will be set aside and held in a segregated fund to be maintained by the Liquidating Trustee. If such Person is located within ninety (90) days of the date of distribution, such Cash will be paid to such Person. If such Person cannot be located within ninety (90) days of the date of distribution, any such Cash and accrued interest thereon shall be released to the Liquidating Trustee and distributed in accordance with this Plan and such Person shall not be entitled to any amounts in connection with such distribution or any subsequent distribution and the Claims of such person to which such Cash relates shall be discharged and forever barred from assertion against the Debtors, the Estates, the Assets, the Trusts, or the Liquidating Trustee. Nothing contained in this Plan shall require the Liquidating Trustee to attempt to locate such Person. It is the obligation of each Person claiming rights under this Plan to keep the Liquidating Trustee advised of their current address by sending written notice of any changes to the Liquidating Trustee.

8.5    ***Unnegotiated Distribution Checks***. Checks or drafts issued pursuant to this Plan to Persons holding Allowed Claims and not presented for payment within ninety (90) days following mailing thereof to the last known address of such Person shall be deemed nonnegotiable thereafter. Any Claim in respect of such distribution shall be discharged and forever barred from assertion against the Debtors, the Estates, the Assets, the Trusts, or the Liquidating Trustee. Any distribution which is deemed nonnegotiable shall re-vest with the Liquidating Trustee and be available for distribution consistent with this Plan.

8.6    ***Fractional Dollars***. Any other provision of this Plan notwithstanding, no payments of fractional dollars will be made to any holder of an Allowed Claim. Whenever any payment of a fraction of a dollar to any holder of an Allowed Claim would otherwise be called for, the Liquidating Trustee may, in his discretion, round such fraction up or down and make payments accordingly.

8.7    ***Distribution Dates***. In addition to any distribution times established under this Plan, the Liquidating Trustee shall make a good faith determination after consultation with the Post Effective Date Committee and Bond Trustee at six month intervals after the Effective Date

as to the advisability of making interim distributions and may make interim distributions in his discretion.  Whenever any distribution to be made under this Plan is due on a day other than a Business Day, such distribution will instead be made, without penalty or interest, on the next Business Day.

8.8    ***Bankruptcy Code Sections 509 and 510***.  Distributions under this Plan will be governed by the provisions of Bankruptcy Code Sections 509 or 510 where applicable.

8.9    ***Distributions to be Applied First to Administrative and Priority Claims***.  To the extent any holder of an Allowed Claim receives any distribution(s) under this Plan on account of Claims, said distribution(s) shall be applied by the recipient first to satisfy any Allowed Administrative Claims, Allowed Priority Tax Claims, or Allowed Unsecured Priority Claims and, only after all such Claims are fully satisfied, to any Allowed Claims not entitled to such priority.

8.10    ***Estimation of Claims***.  The Liquidating Trustee may, at any time, request that the Bankruptcy Court (or District Court, as applicable) estimate any Claim not expressly Allowed by the terms of this Plan and otherwise subject to estimation under Bankruptcy Code Section 502(c) and for which the Debtors may be liable under this Plan, including any Claim for taxes, to the extent permitted by Bankruptcy Code Section 502(c).  In the event that the Bankruptcy Court (or District Court, as applicable) estimates any contingent or unliquidated Claim, that estimated amount will constitute either the Allowed amount of such Claim or a maximum limitation on such Claim, as determined by the Bankruptcy Court (or District Court, as applicable).  If the estimated amount constitutes a maximum limitation on such Claim, the Liquidating Trustee may elect to pursue any supplemental proceedings to object to any ultimate allowance of such Claim.  All of the aforementioned Claims objection, estimation and resolution procedures are cumulative and not exclusive of one another.  Claims may be estimated by the Bankruptcy Court (or District Court, as applicable) and subsequently compromised, settled, withdrawn or resolved by any mechanism approved by the Bankruptcy Court (or District Court, as applicable).

8.11    ***Chapter 5 Provisions***.  No distribution or payment shall be made to any holder of an Allowed Claim who is also a potential defendant in an Avoidance Action until a decision is made by the Liquidating Trustee not to commence the potential Avoidance Action, or, in the event the potential Avoidance Action is commenced by the Liquidating Trustee, until resolution of such Avoidance Action.  Notwithstanding this **Section 8.11**, the making of a distribution to such potential defendant or the lack of any objection filed to such Allowed Claim on the basis of such potential Avoidance Action, shall not constitute a waiver of any rights of the Debtors or the Liquidating Trustee, as the case may be.  For purposes of this Plan, such distribution or payment on account of such Allowed Claim shall be held in reserve as if it were a disputed Claim.

8.12    ***Third-Party Agreements***.    Except as set forth herein, all subordination and intercreditor agreements entered into by any parties in interest shall be enforceable to the extent permitted by applicable law.

8.13    ***Special Provisions for Treatment of Medical Malpractice/Personal Injury/Worker's Compensation Claims***.

14

(a)    Distributions under this Plan to each holder (each, a "***Personal Injury Claimholder***") of a Claim asserted or which can be asserted against any of the Debtors on account of or related to purported liability resulting either from the provision of medical services, including personal injury or wrongful death claims, or any other personal injury or worker's compensation claim (each, a "***Personal Injury Claim***"), shall be in accordance with the treatment provided under this Plan for Unsecured Claims as applicable; ***provided, however***, no distributions shall be made, and no reserve shall be made by the Liquidating Trustee for any amount, for or attributable to any portion of such a claim that is covered by insurance.

(b)    ***Mandatory Pre-Mediation Resolution Procedures***. Within sixty (60) days after the Effective Date, each Personal Injury Claimholder shall serve on the Liquidating Trustee a written settlement offer containing such holder's good faith demand; ***provided, however***, such settlement offer may not exceed the amount of the Personal Injury Claim indicated in any proof of claim filed by the Personal Injury Claimholder with respect to the Personal Injury Claim or, if the Personal Injury Claimholder has not filed a proof of claim, the amount of such Personal Injury Claim indicated in the Schedules. Not later than thirty (30) days after receipt of such written settlement offer, the Liquidating Trustee shall respond to such written settlement offer with a written counter-offer. Thereafter, each party shall respond in writing to subsequent written counter-offers within fifteen (15) days of receipt. If a Personal Injury Claimholder fails to respond to a counter-offer from the Liquidating Trustee in a timely fashion, the Personal Injury Claimholder shall be deemed to have stipulated to Allowance of such Personal Injury Claim in the amount of the Liquidating Trustee's last counter-offer and such Personal Injury Claim shall be Allowed in such amount. If the Liquidating Trustee fails to respond to an offer or counter-offer from a Personal Injury Claimholder in a timely fashion, the Personal Injury Claimholder may terminate negotiations, shall be under no obligation to mediate and may request the Bankruptcy Court to terminate the stay to litigate the Personal Injury Claim pursuant to this section.

(c)    ***Mandatory Mediation***. At any time by mutual consent, and upon the request of either party on or after July 1, 2018, the parties may mediate a Personal Injury Claim. If the parties cannot agree on a mediator, either may petition the Bankruptcy Court, which shall appoint a mediator. The parties shall share the costs of such mediation equally. The Liquidating Trustee shall schedule mediations as promptly as reasonably possible taking into account the schedules of the parties, their counsel and the mediator. The mediator shall establish procedures for the mediation. The mediation shall occur in Atlanta, Georgia or such other location mutually agreeable to the parties. Either party may notify and invite to the mediation any co-defendant or other party to a Personal Injury Claim. If mediation does not result in settlement on or before December 31, 2018, either party may request the Bankruptcy Court to terminate the stay to proceed with litigation; ***provided, however***, no party shall be entitled to stay relief hereunder unless the Bankruptcy Court finds such party has participated in the mandatory pre-mediation resolution procedures and any mandatory mediation in good faith.

(d)    ***Exchange of Information***. At any time prior to mediation (i) a Personal Injury Claimholder shall provide to the Liquidating Trustee, within thirty (30) days of receipt of a written request for production, documents and other information supporting the Personal Injury Claim, including liability and damages; (ii) the Liquidating Trustee shall provide to a Personal Injury Claimholder, within thirty (30) days of receipt of a written request for production, to the

15

extent available to the Liquidating Trustee, information regarding the Personal Injury Claim in the Liquidating Trustee's possession and control; and (iii) a Personal Injury Claimholder may subpoena from any third party pursuant to Bankruptcy Rule 9016 any records regarding the Personal Injury Claim. The Bankruptcy Court shall retain exclusive jurisdiction pursuant to the Bankruptcy Rules over any objection, motion to compel or motion to quash with respect to any request for production or information or subpoena under this section of the Plan.

(e)    *Confidentiality*.  All information, communications, offers, counter-offers, records and documents exchanged by the parties hereunder, all settlement discussions and negotiations and mediations shall remain confidential and shall not be admissible in any subsequent proceedings pursuant to Rule 408 of the Federal Rules of Evidence.

(f)    *Litigation*.  The Bankruptcy Court shall hear any request for stay relief under this section of the Plan after notice and a hearing.  Upon termination of the stay hereunder, the parties may proceed to liquidate and reduce the Personal Injury Claim to judgment before any court of competent jurisdiction, subject to all applicable rights regarding venue, forum selection, choice of law, removal, remand, abstention and all similar or related rights.  All parties reserve all substantive and procedural rights, claims and defenses, including, without limitation, with respect to any claim for punitive damages; ***provided, however***, the payment of any punitive damages shall be subordinated to payment of all other Allowed Claims pursuant to the Plan.

(g)    Nothing in this __Section 8.13__ is intended to, shall, or shall be deemed to preclude any holder of a Claim of the type described in this Section from seeking and obtaining a distribution or other recovery from any insurer of the Debtors.

8.14    *Objections to Claims*.  Objections to Claims shall be filed by the Liquidating Trustee with the Bankruptcy Court within one hundred eighty (180) days after the Effective Date of this Plan, ***provided, however***, the Liquidating Trustee may not object to any Claim once it becomes an Allowed Claim.  The time period for filing objections to Claims shall automatically renew for successive periods of one hundred eighty (180) days each until the earlier of (i) the date upon which all Claims have been Allowed or Disallowed or (ii) the date fixed by the Court upon motion of the Liquidating Trustee or a holder of a Claim.  Nothing contained herein shall limit the right of the Liquidating Trustee to object to Claims, if any, filed or amended after the Effective Date.

8.15    *Settlement of Causes of Action and Disputed Claims*.  Pursuant to Bankruptcy Rule 9019(b), subject to __Section 6.2__ above, the Liquidating Trustee may settle any disputed Claim or Cause of Action without notice or Court approval.  For the avoidance of doubt, notwithstanding __Section 6.2__ above, the Liquidating Trustee shall have the authority to compromise or settle any objections to Claims without approval of the Court, the Bond Trustee, or the Post Confirmation Committee.

8.16    *Setoffs*.  The Liquidating Trustee may, pursuant to and in accordance with Bankruptcy Code Section 553 or applicable nonbankruptcy law, except as otherwise set forth in this Plan, set off or recoup against any Allowed Claim and the distributions to be made pursuant to this Plan on account of such Claim, the claims, rights and Causes of Action of any nature that the Debtors may hold against the holder of such Allowed Claim, ***provided*** the Liquidating

16

Trustee gives the holder of such Allowed Claim notice of the proposed setoff or recoupment and the holder of such Allowed Claim does not object to the proposed setoff or recoupment within thirty (30) days; ***provided further***, if the holder of such Allowed Claim timely objects to the proposed setoff or recoupment, the setoff or recoupment may not be effectuated without prior approval of the Court; ***provided further***, neither the failure to effect such a setoff or recoupment nor the allowance of any Claim hereunder shall constitute a waiver or release by the Debtors or Liquidating Trustee of any such claims, rights and Causes of Action that the Debtors may possess against such holder.

8.17   ***Distribution Cap.***   Except to the extent consistent with the treatment set forth in this Plan, no holder of an Allowed Claim shall receive in respect of that Claim any distribution in excess of the Allowed amount of that Claim.

8.18   ***De Minimis Distributions***.   Notwithstanding anything to the contrary contained in this Plan, if the amount of Cash to be distributed to the holder of an Allowed Claim is less than $20, the Liquidating Trustee may hold the Cash distributions to be made to such holder until the aggregate amount of Cash to be distributed to such holder is in an amount equal to or greater than $20.   Notwithstanding the preceding sentence, if the amount of Cash distribution to such holder never aggregates to more than $20, then on the final distribution date, the Liquidating Trustee shall distribute such Cash to the holder entitled thereto.

8.19   ***Withholding Taxes***.   In connection with this Plan, to the extent applicable, the Liquidating Trustee shall comply with all withholding and reporting requirements imposed on it by federal, state and local taxing authorities, and all distributions shall be subject to such requirements.   All Claims held by any holder of a Claim that fails to provide information reasonably requested by the Liquidating Trustee in connection with such matters shall be discharged and forever barred from assertion against the Debtors or the Assets.

8.20   ***Distribution Record Date.***   Except as otherwise provided in a Final Order of the Court or as otherwise stipulated by the Debtors or Liquidating Trustee, as applicable, the transferees of Claims transferred pursuant to Bankruptcy Rule 3001 on or prior to the Distribution Record Date will be treated as the holders of those Claims for all purposes, notwithstanding that any period provided by Bankruptcy Rule 3001 for objecting to the transfer may not have expired by the Distribution Record Date.   The Debtors and Liquidating Trustee shall have no obligation to recognize any transfer of any Claim occurring after the Distribution Record Date.   In making any distribution with respect to any Claim, the Liquidating Trustee shall be entitled instead to recognize and deal with, for all purposes, only the Person listed on the Proof of Claim Filed with respect thereto or on the Schedules as the holder thereof as of the close of business on the Distribution Record Date and upon such other evidence or record of transfer or assignment that are known to the Liquidating Trustee, as of the Distribution Record Date. Except as expressly set forth in this Plan, the foregoing shall not apply to the Bond Claim.

## SECTION 9.   CONDITIONS PRECEDENT

9.1   ***Conditions to Confirmation.***   Confirmation of this Plan shall not occur and the Court shall not enter the Confirmation Order unless (i) all of the requirements of the Bankruptcy Code for Confirmation of this Plan shall have been satisfied; (ii) the Plan Documents shall be in

form and substance satisfactory to the Plan Proponents; and (iii) the Settlement Agreement shall be approved as part of the Confirmation Order.  Without limitation, the Confirmation Order shall empower and authorize the Plan Proponents to take or cause to be taken, prior to the Effective Date, all actions which are necessary to enable them to implement the provisions of this Plan and Settlement Agreement satisfy all other conditions precedent to the effectiveness of this Plan.

9.2     ***Conditions to Effective Date***.  The Effective Date shall not occur unless: (a) the Court shall have entered the Confirmation Order as a Final Order, in form and substance reasonably satisfactory to the Plan Proponents; (b) the Plan Documents, shall be in form and substance satisfactory to the Plan Proponents; and (c) no request for revocation of the Confirmation Order under Bankruptcy Code Section 1144 shall have been made and still be pending.

9.3     ***Nonfulfillment of Conditions***.  In the event that the Plan Proponents determine that the conditions to Confirmation or to the Effective Date set forth in the immediately foregoing paragraphs of this Plan cannot be satisfied and should not, in their sole discretion, be waived, or if the Effective Date does not occur on or before May 1, 2018 (unless this date is extended by agreement of the Plan Proponents), this Plan shall be null and void and shall have no force nor effect, and this Plan shall be deemed withdrawn.  Under the foregoing conditions, (i) the Challenge Rights Settlement shall be deemed withdrawn and of no force or effect, and (ii) the Plan Proponents may propose a new plan, may modify this Plan as permitted by law, or may request other appropriate relief.

## SECTION 10.  EFFECTS OF PLAN CONFIRMATION

10.1     ***Satisfaction of Claims.***  Holders of Claims shall receive the distributions provided for in this Plan and other treatment set forth herein, if any, in full settlement and satisfaction of the Debtors' obligations thereunder.

10.2     ***Interest on Claims, Fees, Costs, Charges.***  Except as specifically provided for in this Plan or Bankruptcy Code Section 506(b), interest and postpetition fees, costs and charges shall not accrue on Claims and no holder of a Claim shall be entitled to interest, fees, costs or charges accruing on or after the Petition Date on any Claim.

**10.3     *Exculpation.*  Except as specifically provided in this Plan, no Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from, any Exculpated Claim, obligation, cause of action or liability for any Exculpated Claim, except for gross negligence or willful misconduct, but in all respects such Persons shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to this Plan.  Each Exculpated Party has, and upon Confirmation of this Plan shall be deemed to have, participated in good faith and in compliance with the Bankruptcy Code and applicable non-bankruptcy law with regard to the solicitation of votes pursuant to this Plan, and, therefore, shall not be, liable at any time for the violation of any applicable law, rule or regulation governing the solicitation of acceptances or rejections of this Plan or distributions made pursuant to this Plan.**

10.4     ***Challenge Rights Settlement.***  **The Settlement Agreement and Challenge**

18

Rights Settlement, including the release specified in Section 5.04 of the Settlement Agreement are expressly incorporated into this Plan as if fully set forth herein.

10.5 *Injunction*.   **Except as otherwise provided in this Plan or Confirmation Order, as of the Effective Date all Persons that hold a Claim are permanently enjoined from taking any of the following actions against (i) the Exculpated Parties; (ii) the Liquidating Trustee; (iii) the Trusts; (iv) any successors or professionals of the foregoing; or (v) any Assets or any other Trust Assets, on account of any Claim: (1) commencing or continuing in any manner any action or other proceeding with respect to a Claim; (2) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order with respect to a Claim; (3) creating, perfecting or enforcing any lien or encumbrance with respect to a Claim; (4) commencing or continuing any action in any court other than the Bankruptcy Court absent a showing the Bankruptcy Court lacks jurisdiction; or (5) commencing or continuing any action that does not comply with or is inconsistent with this Plan.  Nothing in this injunction shall preclude the holder of a Claim from enforcing its rights to the treatment provided in this Plan, from pursing any available insurance or third parties not expressly described above, or from seeking discovery in actions against third parties.**

10.6 *Post-Effective Date Effect of Evidences of Claims*.   Notes, shareholder certificates, and other evidences of liens or Claims against the Debtors shall, effective upon the Effective Date, represent only the right to participate in the distributions or rights, if any, contemplated by this Plan.

10.7 *Surrender of Instruments and Release of Liens*.   Except as otherwise provided in this Plan, each holder of an instrument evidencing a Claim against the Debtors or any of the property of the Debtors shall, if requested by the Liquidating Trustee, surrender such instrument to the Liquidating Trustee.  The Liquidating Trustee may withhold distributions under this Plan to or on behalf of any holder of such Claim unless and until such instrument is received or the non-availability of such instrument is established to the satisfaction of the Liquidating Trustee ***provided*** this surrender requirement shall not apply to the Bond Trustee or the beneficial owners of the Revenue Bonds.  Each Person who is to receive distributions under this Plan in complete satisfaction of a Secured Claim shall if requested by the Liquidating Trustee, execute and deliver a release of its liens and security interests to the Liquidating Trustee.  The Court may enter an order requiring the execution and delivery of a release at the cost of such Person by the Liquidating Trustee and providing that such act when so done shall have like effect as if done by such Person or any other appropriate order.

10.8 *Cancellation of Instruments.*   Except as otherwise provided in this Plan or the Confirmation Order, on the Effective Date, the Revenue Bonds shall be cancelled, and the Revenue Bonds and related Bond Documents shall continue in effect solely to the extent they relate to and are necessary to (i) allow distributions pursuant to this Plan, (ii) permit the Bond Trustee to be compensated for fees and reimbursed for expenses including expenses of its professionals, assert its charging lien, enforce its indemnity and other rights and protections with respect to and pursuant to the Bond Documents, (iii) permit the Bond Trustee to set one or more record dates and distributions dates with respect to the distribution of funds to beneficial owners of the Revenue Bonds, (iv) permit the Bond Trustee to appear in the Chapter 11 Cases and

exercise the rights specified in this Plan, and (v) permit the Bond Trustee to perform any functions that are necessary in connection with the foregoing clauses (i) through (iv).

10.9    *Term of Stays*.  **Except as otherwise provided in this Plan the stay provided for in the Debtors' Chapter 11 Cases pursuant to Bankruptcy Code Section 362, shall remain in full force and effect until the Chapter 11 Cases are closed.**

10.10    *No Discharge*.    Pursuant to Bankruptcy Code Section 1141(d)(3), the Confirmation Order will not discharge the Debtors of any debts.

10.11    *Retention of Jurisdiction*.  Notwithstanding entry of the Confirmation Order or the Effective Date having occurred, the Court will retain jurisdiction to the fullest extent permitted by law, including jurisdiction to enter any orders or to take any action specified in this Plan, and including:

(a)    To determine any motion, adversary proceeding, application, contested matter, and other litigated matter concerning the Debtors, the Estates, the Trusts, the Assets or the Trust Assets pending on or commenced after the Confirmation Date;

(b)    To hear and determine applications for the assumption or rejection of executory contracts or unexpired leases;

(c)    To enter orders with respect to distributions under this Plan;

(d)    To consider Claims, including Administrative Claims, Fee Claims, Priority Tax Claims, Other Secured Claims, Priority Unsecured Claims, Unsecured Claims and Subordinated Claims or the allowance, classification, priority, compromise, estimation, or payment thereof;

(e)    To enter, implement, or enforce such Orders as may be appropriate in the event the Confirmation Order is for any reason stayed, reversed, revoked, modified, or vacated;

(f)    To issue injunctions, enter other Orders, and take such other actions necessary or appropriate to restrain interference by any Person with the consummation, implementation, or enforcement of this Plan, the Confirmation Order or any other Order of this Court;

(g)    To hear and determine any application to modify this Plan, to remedy any defect or omission or reconcile any inconsistency in this Plan, the Disclosure Statement, or any Order of the Bankruptcy Court, including the Confirmation Order, in such a manner necessary to carry out the purposes and effects thereof;

(h)    To hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of this Plan, the Confirmation Order or any transactions or payments contemplated hereby or thereby, or any agreement, instrument, or other document governing or relating to any of the foregoing;

(i)    To take any action and issue such Orders as may be necessary to construe, enforce, implement, execute, and consummate this Plan, including any release or injunction provisions set forth herein or in this Plan, or to maintain the integrity of this Plan following

20

consummation;

(j)     To determine such other matters and for such other purposes as may be provided in the Confirmation Order;

(k)     To hear and determine matters concerning state, local, and federal taxes in accordance with Bankruptcy Code Sections 346, 505, and 1146;

(l)     To construe and enforce prior orders of the Court in the Chapter 11 Cases;

(m)     To recover all Assets and property of the Estates, wherever located; and

(n)     To enter a final decree closing the Chapter 11 Cases.

10.12   *Failure of the Court to Exercise Jurisdiction*.   If the Court abstains from exercising or declines to exercise jurisdiction over any matter arising under, arising in or related to the Cases, including with respect to the matters set forth above in **Section 10.11**, this Plan shall not prohibit or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such subject matter.

## SECTION 11.  MISCELLANEOUS PROVISIONS

11.1   *Exemption from Transfer Taxes*.   Pursuant to Bankruptcy Code Section 1146(a), the creation or amendment of any mortgage, deed of trust or other security interest, the making or assignment of any lease or the making or delivery of any deed or other instrument of transfer, under, in furtherance of or in connection with this Plan, and any sale of the Assets, shall not be subject to any stamp, real estate transfer, mortgage recording or other similar tax.

11.2   *Modification of Plan*.   The Plan Proponents may modify this Plan prior to the entry of the Confirmation Order *provided* this Plan, as modified, and the Disclosure Statement pertaining thereto meet applicable Bankruptcy Code requirements of Bankruptcy Code Section 1125.  After the entry of the Confirmation Order, the Plan Proponents or, with the consent of the Post Effective Date Committee and Bond Trustee, the Liquidating Trustee, may modify this Plan to remedy any defect or omission or to reconcile any inconsistencies in this Plan or in the Confirmation Order, as may be necessary to carry out the purposes and effects of this Plan, *provided*: (i) the Plan Proponents or Liquidating Trustee, as applicable, obtain approval of the Bankruptcy Court for such modification, after notice and a hearing; and (ii) such modification shall not materially and adversely affect the interests, rights, treatment, or distributions of any Class under this Plan.  For purposes of this **Section 11.2** consent of the Post Effective Date Committee and/or Bond Trustee shall be presumed from any party that does not respond within five (5) Business Days after written notice from the Liquidating Trustee.

11.3   *Revocation of this Plan*.   The Plan Proponents reserve the right to revoke or withdraw this Plan, prior to the Confirmation Date, for any reason they may deem appropriate. If this Plan is revoked or withdrawn, then this Plan shall be null and void in all respects and nothing contained in this Plan shall constitute a waiver or release of any claims by or against, the Debtors, or prejudice in any manner the rights of the Plan Proponents.

21

11.4    ***Preservation and Application of Insurance.***   The terms of this Plan shall not diminish or impair in any manner the enforceability and coverage of any insurance policies (and any agreements, documents, or instruments relating thereto) that may cover Claims or any claims against directors, trustees or officers of the Debtors, or any other Person, other than as expressly as set forth herein.   All of the Debtors' insurance policies, or third party policies naming the Debtors as an additional insured, and the proceeds thereof shall be available to satisfy Claims to the extent such insurance policies cover such Claims.   In addition, such insurance policies and proceeds thereof shall be available to satisfy Claims estimated pursuant to Bankruptcy Code Section 502(c) or in accordance with this Plan.   For the avoidance of doubt, confirmation of the Plan and the occurrence of the Effective Date shall not affect, reduce, discharge or diminish coverage, or provide a defense to any insurer, or trigger any exclusion under any policy, including, without limitation, any insured vs. insured exclusion.

11.5    ***Votes Solicited in Good Faith***.   Upon entry of the Confirmation Order, the Plan Proponents will be deemed to have solicited votes on this Plan in good faith and in compliance with the Bankruptcy Code and any applicable non-bankruptcy law, and pursuant to Bankruptcy Code Section 1125(e) will have no liability for the violation of any applicable law, rule or regulation governing the solicitation of votes on this Plan.

11.6    ***Successors and Assigns, Binding Effect***.   The rights, benefits and obligations of any Person named or referred to in this Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign of such Person, including with respect to the Debtors, any chapter 7 or chapter 11 trustee.   The provisions of this Plan shall bind all holders of Claims, whether or not they have accepted this Plan.

11.7    ***Computation of Time***.   In computing any period of time prescribed or allowed by this Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

11.8    ***Notices***.   All notices or requests in connection with this Plan shall be in writing and given by mail or overnight mail addressed to counsel to the Plan Proponents as set forth on the front page of this Plan and to the Liquidating Trustee as set forth in the Plan Supplement.   All notices and requests to holders of Claims shall be sent to them at their last known address or to the last known address of their attorney of record in these Chapter 11 Cases, if any.   Any Person may designate in writing any other address for purposes of this **Section 11.8**, which designation will be effective upon receipt by the Plan Proponents.

11.9    ***Severability***.   If, prior to confirmation, any term or provision of this Plan is held by the Court to be invalid, void or unenforceable, the Court shall have the power, on joint request of the Plan Proponents, to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of this Plan will remain in full force and effect and will in no way be affected, impaired or invalidated by such holding, alteration or interpretation.   Notwithstanding the foregoing, the Settlement Agreement is an integral part of this Plan and the Plan shall not be confirmed without approval of the Settlement Agreement.

22

11.10   ***Validity and Enforceability***.   The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of this Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.   Should any provision in this Plan be determined by the Court or any appellate court to be unenforceable following the Effective Date, such determination shall in no way limit the enforceability and operative effect of any and all other provisions of this Plan.

11.11   ***Plan Supplement***.   Any exhibits, schedules or other Plan Documents not filed with this Plan may be contained in this Plant Supplement including the disclosure of the Liquidating Trustee and related documents as necessary to implement the terms of this Plan.

11.12   ***Controlling Documents***.   In the event and to the extent that any provision of this Plan is inconsistent with the provisions of the Disclosure Statement, the provisions of this Plan shall control and take precedence.   In the event and to the extent that any provision of this Plan (other than **Section 5.6**), Disclosure Statement or Confirmation Order is inconsistent with the Settlement Agreement, the Settlement Agreement shall control.

11.13   ***Reservation of Rights***.   Except as expressly set forth herein, this Plan shall have no force or effect unless and until the Bankruptcy Court enters the Confirmation Order and the occurrence of the Effective Date.

11.14   ***Substantial Consummation***.   Upon the Effective Date, this Plan will be deemed substantially consummated for purposes of Bankruptcy Code Sections 1101 and 1127(b).

11.15   ***Governing Law***.   Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and the Bankruptcy Rules) or unless otherwise specifically stated in this Plan, the laws of the State of New York, without giving effect to the principles of conflicts of laws, shall govern the rights, obligations, construction, and implementation of this Plan and transactions consummated or to be consummated in connection therewith.

[signature pages follow]

23

January 30, 2018                          **The Official Committee of Unsecured Creditors**

                                          By:      /s/ John D. Elrod
                                          Name: John D. Elrod
                                          Title:   One of its attorneys

January 30, 2018                          **U.S. Bank National Association, as Trustee**

                                          By:      /s/ Ian A. Hammel
                                          Name: Ian A. Hammel
                                          Title:   One of its attorneys

24

75244407v.4